547 So.2d 1302 (1989)
Jack M. GREENE, Appellant,
v.
Barbara D. GREENE, Appellee.
No. 88-03495.
District Court of Appeal of Florida, Second District.
September 1, 1989.
*1303 Jack M. Greene, pro se.
Katherine Jennison and Frederique B. Boire, of Reed & Boire, P.A., Tampa, for appellee.
PATTERSON, Judge.
This appeal arises from the denial of the husband's pro se petition for modification of a September 14, 1984, final judgment of dissolution of marriage.
The final judgment of dissolution incorporated the husband's agreement to pay $750 per month as permanent periodic alimony to the wife. At the time of the divorce, the parties had been married 29 years and the husband was employed earning $43,000 per year. In September 1986 the husband voluntarily retired and began receiving a pension of $937 per month. He then became reemployed in a similar job at an annual salary of $30,000 per year. In September 1987 he was involuntarily terminated from his new employment due to market conditions in the steel industry. He is now 58 years of age and asserts that he has sought new employment without success. The wife has been employed since 1984 and currently earns $6.40 per hour as a library assistant. The husband has remarried. Based on these facts, the appellant brought a petition for modification seeking a termination of his alimony obligation.
After a nonjury trial, the lower court entered a final order denying the petition. In that order the trial judge found that because appellant voluntarily retired from his employment with Florida Steel in 1986, the $30,000 per year salary which he earned at Suncoast Steel at the time of his termination should be imputed to him now. The apparent rationale for this ruling is that if appellant had not voluntarily retired from Florida Steel, then he would not have been in the position of being fired by Suncoast Steel. We can find no basis in law for such a conclusion and reverse.
A court may impute income to a party who has no income or earnings less than are available to him based upon a showing that the party has the capability to earn more by the use of his best efforts. Desilets v. Desilets, 377 So.2d 761 (Fla.2d DCA 1979). This determination of earning capacity versus actual earnings assumes that the party to which income is to be imputed has chosen to earn less and has the ability to remedy the situation. Likewise, a party may not use voluntary retirement not mandated by circumstances beyond his control as a change of circumstances requiring a termination or downward modification of his support obligation. Ward v. Ward, 502 So.2d 477 (Fla.3d DCA 1987). Neither of these circumstances are present in this case. The appellant was involuntarily terminated from his employment for no fault of his own. The record reflects that he sought reemployment without success. The imputing of income based on the present record was therefore error.
The record is clear that the appellee is in need of continuing support. The employment applications submitted by the appellant reflect that appellant has been seeking employment comparable to his prior employment but do not establish that he is unemployable in some lesser capacity. Under such circumstances, the lower court may consider the actual earning capacity of a party even though such earnings are less than equal to his capabilities. Brotman v. Brotman, 528 So.2d 550 (Fla. 4th DCA 1988). On remand, therefore, the trial court may consider a downward modification of appellant's support obligation based on employment which is available to him *1304 commensurate with his age, education and work experience. Although appellant's petition for modification sought termination of his support obligation, we find the prayer for relief to be broad enough to encompass a modification as well. See § 61.14(1), Fla. Stat. (1987).
Reversed and remanded.
SCHEB, A.C.J., and LEHAN, J., concur.