585 So.2d 485 (1991)
Earle CUSHMAN, Appellant,
v.
Jean CUSHMAN, Appellee.
No. 90-00918.
District Court of Appeal of Florida, Second District.
September 11, 1991.
Mark A. Neumaier, Tampa, for appellant.
William J. Terry of Terry & Dittmar, Tampa, for appellee.
PER CURIAM.
This appeal arises from a final judgment in dissolution of marriage entered December 11, 1989, in which the trial court imputed income to the husband. We reverse based on the lack of record evidence.
The parties were married for twenty-six years before their separation in November 1987. They had two daughters during the marriage, and one was a sixteen-year old minor at the time of the trial. The wife filed a petition for separate maintenance on November 17, 1988. The husband responded with a counterpetition for dissolution of marriage on February 13, 1989.
Prior to the parties' separation, the husband was employed as the state coordinator of cross-culture ministry for the Church of God in Florida. The husband received $1,643 per month as his gross salary and an additional travel allowance of $650 per month and a housing allowance of $766.01 per month due to necessary travel expenses. One of the prerequisites for the husband's job was that he be married.
Once it came to the church's attention that the husband was separated, he had only two choices: reconcile with his wife or have his employment as state coordinator terminated. The chief executive officer of the church advised the husband that resigning would be in his best interest. The *486 husband tendered a letter of resignation on January 5, 1989. He was offered an unsalaried opportunity to evangelize through local churches of the Church of God. In that church, an evangelist is an itinerant teacher called on by local churches for a series of services. His job carries neither a salary, a fixed income, nor any benefits of the state level. Instead, the evangelist is paid on a per job basis. The husband's average gross income as an evangelist, omitting the first two months when he was just starting, was $1,035 per month. Averaging only the last three months' yields, he earned $1,292 per month gross before consideration of necessary travel expenses, taxes, or social security.
The trial court's order stated:
The husband testified that he had not made any effort to obtain employment other than within the limits of the Church of Christ [sic] organization. His witnesses conceded that it was not unusual or inappropriate for the husband to seek to serve in a ministerial position with other churches which have different rules relative to ministers whose marriages have been dissolved. Likewise, the husband acknowledged that he had not made any effort to obtain any form of employment in marketing, counseling, or other fields which he engaged in as part of his ministry. It is reasonable to believe that the husband could obtain employment earning $30,000 per year as he has done so previously and has not presented any information to indicate that he would not be able to do so now.
The record before this court is devoid of competent evidence of his earning capacity.
A court may impute income to a party who has no income or is earning less than is available to him based upon a showing that the party has the capability to earn more by the use of his best efforts. Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979). This determination of earning capacity versus actual earnings assumes the party to whom the income is imputed has chosen to earn less and has the ability to remedy the situation. Greene v. Greene, 547 So.2d 1302 (Fla. 2d DCA 1989). Before imputing income, the court must determine whether the individual's underemployment resulted through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received. The court must consider not only recent work history but also occupational qualifications and prevailing earnings. Ensley v. Ensley, 578 So.2d 497 (Fla. 5th DCA 1991).
The trial court had no basis for its finding that the husband has the ability to earn $30,000 per year. Therefore, we reverse the alimony and child support award and remand the case for an evidentiary hearing at which the trial court may consider evidence of the earnings and earning capacity of the husband. The trial court can then make a determination of alimony and child support based on substantial competent evidence of the earning capacity of the husband.
PARKER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.