593 So.2d 1212 (1992)
Donald J. GILDEA, Appellant,
v.
Sharyn T. GILDEA, Appellee.
No. 90-03503.
District Court of Appeal of Florida, Second District.
February 21, 1992.
Joan LoBianco Walker of Joan LoBianco Walker, P.A., St. Petersburg, for appellant.
James W. Dodson of Carlson, Meissner, Webb, Dodson & Hart, P.A., Clearwater, for appellee.
PER CURIAM.
This is an appeal from a final judgment of dissolution of marriage in which the *1213 husband contends the trial court erred by awarding the wife $1,500 monthly permanent periodic alimony. We agree.
At the time the wife filed the petition for dissolution, the parties had been married twenty-one years. They had three children, nineteen, seventeen, and fourteen years of age. The husband was employed in medical sales during much of the marriage and earned a gross monthly income of $4,586. Six months after the petition was filed, the husband was fired from his job due to a general decline in industry sales and reduction in personnel. He began drawing weekly unemployment compensation of $200. At the time of the final hearing, the gross monthly income of the wife was $1,120, and the husband was still drawing the same unemployment compensation.
The husband sought reemployment. He secured interviews by contacting approximately ten medical personnel agencies and by making direct calls to companies. In his field, the interview process of interested companies includes two or three interviews taking two to three months to complete. At the time of the final judgment, the husband had completed two interview processes, but the companies had hired other individuals.
The husband testified he had worked all his life, did not enjoy unemployment, and found it humiliating. He also testified that since he became unemployed, his wife had left the marital home and he had moved back in to care for the children. He had supported himself and the children mostly through savings and equity loans on the marital home. He had also borrowed $2,500 on a VISA account, was cashing in his stocks, and had requested permission to withdraw all the money from his retirement plan.
The trial court did not abuse its discretion by finding that the wife was entitled to permanent periodic alimony. Once a party's entitlement to permanent periodic alimony is established, however, the amount is based on the needs of one spouse and the ability of the other spouse to pay. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The trial court erred in determining the husband had the ability to pay the amount ordered. The record does not establish the husband had the present ability to pay $1,500 monthly based upon his monthly income of $800 from unemployment compensation. Because of his low income level at the time of the final judgment, the husband had to obtain equity loans on the marital home and sought to use retirement funds from his prior employment in order to survive and to support his children.
A court may impute income to a party who has no income or is earning less than is available to him based upon a showing that the party has the capability to earn more by the use of his best efforts. Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979). This determination of earning capacity versus actual earnings assumes the party to which income is to be imputed has chosen to earn less and has the ability to remedy the situation. Greene v. Greene, 547 So.2d 1302 (Fla. 2d DCA 1989). In this case, however, the husband was involuntarily terminated from employment through no fault of his own and sought reemployment but without success. Although the judge imputed income because she thought the husband would soon be comparably employed, the imputing of income based on the present record was error. Greene.
Based on the husband's ability to pay at the time of the final hearing, we reverse and remand with instructions to delete the requirement that the husband pay $1,500 per month. At further proceedings, the trial court may enter a small or nominal sum of permanent periodic alimony based upon the husband's present ability to pay and reserve jurisdiction to determine an amount once the wife can establish the husband has the ability to pay.
Reversed and remanded with instructions.
SCHOONOVER, C.J., and RYDER and PATTERSON, JJ., concur.