602 So.2d 630 (1992)
Dallas L. BROOKS, Appellant,
v.
Zelda T. BROOKS, Appellee.
No. 91-02357.
District Court of Appeal of Florida, Second District.
July 8, 1992.
Rehearing Denied August 14, 1992.
*631 Dallas L. Brooks, pro se.
Edward D. Foreman of Edward D. Foreman, P.A., St. Petersburg, for appellee.
PATTERSON, Judge.
In this dissolution action, the husband challenges the trial court's equitable distribution of the parties' assets and its award of permanent periodic alimony. Because the record does not contain sufficient evidence to support the trial court's imputation of income to the husband, we reverse the final judgment in part and remand for further proceedings.
The parties were married on December 10, 1961, and their two children have attained the age of majority. During the marriage, the wife raised the children and did not work outside the home. The husband was on active duty with the United States Navy and was trained and specialized in supply. He obtained a two-year associate of arts degree in business in 1979 to enhance his naval career, and he attained the rate of chief in 1986.
The parties separated on May 31, 1989, and on July 10, 1989, the husband filed a petition for dissolution of marriage. In July 1990, the husband involuntarily retired from active duty with the Navy. At the final hearing the husband testified that for approximately two and one-half months he aggressively sought employment in the Pinellas County area and applied to over 100 businesses, including the Pinellas County School Board and Florida Job Service. In October 1990, the husband took a job as assistant manager for Pak-N-Ship, earning $758.33 gross per month. The husband's gross monthly salary when he left the Navy was $3,013.88. An amended financial affidavit shows the husband's $758.33 salary at Pak-N-Ship and an $1,488 gross monthly retirement pension he receives from the Navy.
At the final hearing, over the husband's objection, Pinellas County Veteran Services Officer John Calkins testified as an expert. Mr. Calkins testified that he assists retired veterans in the private sector job market and that he was aware of job opportunities in the supply field in Pinellas County. Mr. Calkins stated that with the husband's expertise, he should be able to duplicate his Navy pay. The expert stated, however, that he had no personal knowledge of whether the husband sought aid from the Pinellas County Veteran Services, and Mr. Calkins failed to name any specific employment opportunities.
On April 1, 1991, the trial court entered a final judgment of dissolution of marriage. The trial court found that the husband's pension was a marital asset subject to equitable distribution and ordered that the wife receive 50% of the pension. The court also found that in addition to the military pension, the husband "is capable of earning in excess of $2,500 per month which, income is imputed to said Petitioner/Husband." The trial court ordered that (1) the wife shall receive $400 per month permanent periodic alimony; (2) the husband shall keep in full force and effect the maximum possible coverage of a military survivor benefit plan annuity for the benefit of the wife and that the costs of maintaining the plan shall be considered alimony; and (3) the husband shall keep in effect his life insurance policies of $50,000 and $30,000 designating the wife as beneficiary on both and that the premiums shall be considered alimony.
The record facts do not show that the husband could have earned more by the use of his best efforts. See Greene v. Greene, 547 So.2d 1302 (Fla. 2d DCA 1989). In the present situation, the trial court "may consider the actual earning capacity of a party even though such earnings are less than equal to his capabilities." Greene, 547 So.2d at 1303. Although Mr. Calkins testified that jobs were available in Pinellas County in the husband's field of expertise that would enable him to duplicate his Navy pay, Mr. Calkins did not testify to any specific job opportunities. The husband testified that he had sent out 100 resumes. The trial court admitted into *632 evidence twelve written rejection letters the husband had received. The husband explained that many of the companies he had applied to did not bother to send written responses. One rejection letter noted that over 150 people had applied for one position. After a two and one-half month search, the husband settled for the assistant manager position at Pak-N-Ship. These facts do not support a finding that the husband could have earned $2,500 per month by the use of his best efforts. Accordingly, we reverse the imputation of income and the resulting $400 per month permanent periodic alimony award.
It is clear from the record, however, that the wife has a need for permanent periodic alimony and that the trial court did not abuse its discretion in its equitable distribution of the parties' assets, namely, the military pension. Thus, we affirm the equitable distribution and the determination that the wife is entitled to permanent periodic alimony. We remand the cause for the trial court to reconsider the amount of permanent periodic alimony without the imputation of income.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and PARKER, J., concur.