690 So.2d 1372 (1997)
Ronald Allen RITTER, Appellant,
v.
Margaret T. RITTER, Appellee.
No. 96-00772.
District Court of Appeal of Florida, Second District.
April 4, 1997.
*1374 James Heptner, Tampa, for Appellant.
William S. Chambers of Law Offices of Richard A. McKinley, Bartow, for Appellee.
NORTHCUTT, Judge.
Ronald Ritter seeks review of the final judgment dissolving his marriage to Margaret Ritter. He raises seven issues on appeal. We have divided these issues into three topics, and will address each topic separately. All elements of the final judgment not specifically discussed in this opinion are affirmed.

A. Alimony.
The husband's major argument, which he addresses in three separate issues, is that the trial court erred in imputing income to him for the purpose of determining his alimony obligation to the wife. Although Mr. Ritter does not dispute his former wife's need for alimony in the amount awarded, he contends that the imputation of income to him resulted in an award that exceeds his ability to pay. We hold that the evidence at the final hearing did not support the court's decision to impute income, and, accordingly, reverse that portion of the final judgment.
Mr. and Mrs. Ritter began these divorce proceedings in November 1992. At the June 1995 final hearing, the husband testified that he was employed, making a salary of $36,000.00 per year. During the marriage, however, he had owned a small business, Continental Condenser Corporation. He operated this business from 1991 until it filed for bankruptcy, just before the final hearing. Both the husband and the wife presented extensive expert testimony about his income from Continental Condenser between 1991 and 1993. While this testimony was conflicting, both experts opined that, in those years, the husband had earned substantially more than $36,000.00 per year. Neither party presented any other evidence about the husband's ability to earn.[1] The trial court imputed a yearly income of $75,000.00 to the husband, finding that "with his educational background, experience, and specialized ability in his chosen field, [he] has the present ability" to earn that amount.
A court may impute income if a party is earning less than he could, based on a showing that he has the capability of earning more by the use of his best efforts. Gildea v. Gildea, 593 So.2d 1212, 1213 (Fla. 2d DCA 1992). Present income cannot, however, be imputed based on previous income from a defunct corporation. See Gomez v. Gomez, 659 So.2d 705, 706 (Fla. 3d DCA 1995). Nothing in the record established that Mr. Ritter is now capable of earning the same amount he did when Continental Condenser was a going concern. While the testimony showed he held a college degree in mechanical engineering, no one offered an opinion about how much a person with Mr. Ritter's education and experience could be expected to earn as an employee. Mr. Ritter's earnings as the owner of a small business *1375 simply do not establish his earning potential as an employee of another company. The evidence did not support the court's finding that he had the "present ability" to earn in excess of his salary.
We reverse the portion of the final judgment that awards alimony premised on the imputation of a $75,000.00 annual income to Mr. Ritter. We remand to the trial court with directions to calculate Mr. Ritter's alimony obligation based on his salary of $36,000.00 per year. We also note that our review of the record revealed that Mr. Ritter has held many jobs and has operated several small businesses during his lifetime. The trial court should retain jurisdiction to modify the wife's alimony award should Mr. Ritter's financial circumstances improve. Gildea, 593 So.2d at 1212. See also Schlesinger v. Emmons, 566 So.2d 583, 584 (Fla. 2d DCA 1990)(increase in payor's ability to pay, standing alone, can justify upward modification of alimony where recipient's needs were not met by initial award due to payor's then-existing financial inability to meet those needs).
Mr. Ritter also argues that the final judgment is legally insufficient because it fails to make specific factual findings required under section 61.08(2)(a)-(g), Florida Statutes (1993), supporting the award of alimony to the wife. We disagree. We first note that Mr. Ritter stipulated that his wife was entitled to an award of permanent, periodic alimony; only the amount of the award was in dispute. The husband correctly points out that the court must make the required findings under section 61.08(2). § 61.08(1), Fla.Stat. (1993); Harreld v. Harreld, 682 So.2d 635 (Fla. 2d DCA 1996). We have reviewed the final judgment, and hold that the necessary findings are present, although not in the order listed in the statute. We affirm the order on this point.

B. Equitable distribution.
Mr. Ritter asserts two errors in the lower court's equitable distribution scheme. He first argues that the equitable distribution should be reversed because the court incorrectly valued the parties' marital assets and refused to distribute their marital liabilities. We find no error in the asset valuations contained in the final judgment, with the exceptions of a promissory note referred to as the "Tribble note," and the husband's life insurance policies.
The unsecured note was given in consideration for a loan of $18,347.00 the parties made to friends of Mrs. Ritter's father, the Tribbles. They used the loan proceeds to improve their real property so that Mrs. Ritter's father, who was disabled, would have a place to live. The Tribbles were not required to repay the loan until they sold the property. The trial court posited that because the terms of the note were vague, it was uncollectible and without value for purposes of equitable distribution. While the note might not be worth its face amount, it does have some value. We, therefore, remand to the trial court to take evidence on the value of this asset on a date determined under section 61.075(6), Florida Statutes (1991), and to include it in the equitable distribution scheme.
Mr. Ritter testified that he owned three life insurance policies. Both his financial statements and his testimony showed that the policies had a cash redemption value of $29,000.00, but that they were encumbered by secured loans of approximately $15,000.00. The court found the "cash surrender value" of the three policies was $29,735.00, and awarded $18,367.50 to the wife and $11,367.50 to the husband, without any discussion of the responsibility for the outstanding loans. This was error. We remand to the court, either to subtract the outstanding loan balances from the cash surrender value of the polices, or to assign the liabilities under the equitable distribution scheme.
Not only did the court fail to account for the loans against the insurance policies, it made no factual findings about any of the marital liabilities, and did not include any liabilities in the equitable distribution. In the final judgment, the court stated that "[d]ue to the extended time between the filing of Petition for Dissolution of Marriage and the final hearings, the complexity of the corporations' financial activities, and the lack of specific information," it lacked evidence of *1376 the exact nature of the marital debts and could not make factual findings. We note that under section 61.075(6), the date of valuation for marital liabilities is not the date of the final hearing, but is generally the date the parties first separated or first filed the petition for dissolution. Thus, the length of time the matter has remained pending should not present an obstacle to valuation. Furthermore, the parties' financial statements listed certain liabilities, including the loans encumbering the insurance policies. The court had evidence from which it could calculate the amount of the marital debts. On remand, it must assign a value to these debts and include them in the equitable distribution. § 61.075(3), Fla.Stat. (1991).
Mr. Ritter also complains that the court failed to include the wife's pending personal injury claim as an asset in the distribution. We agree that some portion of an award for a personal injury sustained during a marriage may be subject to equitable distribution. Weisfeld v. Weisfeld, 545 So.2d 1341, 1345 (Fla.1989) (part of personal injury award that is marital property subject to distribution includes amount awarded for lost wages or lost earning capacity during the marriage, medical expenses paid from marital funds during the marriage, and any other funds for which no allocation can be made).
In order to establish the value of this pending claim, Mr. Ritter endeavored to introduce evidence about his wife's offer to settle the claim with an insurance company. He subpoenaed Mrs. Ritter's personal injury lawyer to testify concerning the proposed settlement. That attorney, who did not represent the wife in the divorce action, moved for a protective order. At the hearing on his motion, the wife's counsel in the dissolution proceeding argued, as he does on appeal, that evidence of the offer to the insurance company was inadmissible as an offer to compromise under section 90.408, Florida Statutes (1993). The trial court granted the motion for protective order, presumably on the authority of section 90.408. The husband was, therefore, prevented from presenting evidence about the possible value of this asset.
Under section 90.408, "[e]vidence of an offer to compromise a claim which was disputed as to validity or amount ... is inadmissible to prove liability or absence of liability for the claim or its value." The fundamental premise underlying the application of this rule is that the offer must relate to the claim disputed in the lawsuit. Rease v. Anheuser-Busch, Inc., 644 So.2d 1383, 1388 (Fla. 1st DCA 1994). The offer here pertained to the claim contested in Mrs. Ritter's personal injury lawsuit; it did not propose to settle any issue in her divorce proceeding. As such, section 90.408 did not bar admission of evidence concerning the offer in this case. The trial court's erroneous ruling deprived Mr. Ritter of the opportunity to establish the value of a potential marital asset. We, therefore, reverse the trial court's equitable distribution of the marital property, and remand for additional proceedings to establish the value of this asset, to determine whether any of its value is marital property subject to distribution under Weisfeld, 545 So.2d at 1345, and, if so, to include this marital asset in the equitable distribution.
The resolutions of the foregoing equitable distribution issues may well substantially alter the size and nature of the marital estate to be divided. Therefore, on remand the trial court shall have discretion to revisit other aspects of its equitable distribution scheme as necessary to achieve a just overall result.

C. Attorney's fees.
Finally, the husband seeks review of the lower court's determination that the wife is entitled to a contribution from him toward her attorney's fees and costs. The final judgment merely establishes the wife's entitlement to fees; it does not set the amount of the fees and costs. This portion of the judgment is nonfinal and nonappealable. McIlveen v. McIlveen, 644 So.2d 612 (Fla. 2d DCA 1994). We lack jurisdiction to review the issue of entitlement, and, accordingly, deny review of this point on appeal.
*1377 Affirmed in part, reversed in part, review denied in part, and remanded.
THREADGILL, C.J., and QUINCE, J., concur.
NOTES
[1] Apparently the trial court considered Continental Condenser to be out of business. It valued the stock in the corporation at $0.00 for purposes of equitable distribution.