691 So.2d 626 (1997)
Larry R. DAVIS, Appellant,
v.
Jeanette V. DAVIS, Appellee.
No. 96-828.
District Court of Appeal of Florida, Fifth District.
April 18, 1997.
*627 Michael K. Poe of Poe & Poe, P.A., Melbourne, for Appellant.
Maureen M. Matheson of Reinman & Wattwood, P.A., Melbourne, for Appellee.
PETERSON, Chief Judge.
Larry R. Davis appeals a court order requiring him to pay permanent periodic alimony based upon an imputation of income. The specific issue he raises is whether the trial court erred by imputing income to him as though he were gainfully employed when in fact he had been retired for over ten years.
Larry left school in the ninth grade, began a naval career as a teenager in 1957, and married Jeanette in 1961. Two daughters and a son were born of the marriage, all of whom were born about a year apart. His duties often kept him from home, including a 13 month tour in Vietnam. In 1977 he retired and found a job as a tugboat master with the Panama Canal Company in 1978. He retired from that job in 1984. At the time of trial, Larry was 55, suffered from arthritis in his hands and knees, and appeared to have limited, if any, employment potential.
Jeanette similarly has limited employment potential as she has never worked outside the home. Her health has not been good although her medical expenses have decreased and her past surgeries for cancer had been successful. Continuing periodic examinations are required to monitor for cancerous growths. She is concerned about future availability of health insurance once coverage terminates through Larry's sources.
The trial court equitably distributed the parties' assets. Larry's combined military and civil service pensions were allocated at $1,077 per month to Jeanette and $1,428.42 to Larry. The marital domicile with a value of $155,000 was to be sold and the proceeds evenly split. The court further ordered Larry to pay permanent periodic alimony of $525 per month based upon an imputation of income of $1,200 per month.
In awarding alimony, the court must consider the need for support of one spouse and the ability of the other to pay. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). The ability of a spouse to pay alimony must be based on present ability. It is improper for a court to look to past earnings or speculate on future earnings. Olds v. Olds, 555 So.2d 883 (Fla. 2d DCA 1990); Kernan v. Kernan, 495 So.2d 275 (Fla. 5th DCA 1986). A court, however, may impute income upon a showing that there is a capability to earn more by the use of more diligent efforts. Gildea v. Gildea, 593 So.2d 1212 (Fla. 2d DCA 1992); Brooks v. Brooks, 602 So.2d 630, 631 (Fla. 2d DCA 1992). Stated differently, the court may impute income only if the party has the ability to remedy the situation. Gildea; see also Cushman v. Cushman, 585 So.2d 485, 486 (Fla. 2d DCA 1991) (court must consider recent work history, occupational qualifications, and prevailing wages when imputing income).
*628 The trial court's finding that Larry is "voluntarily unemployed, but could earn $1,200.00 per month based on his skills, past work and investment talents," is unsupported by the evidence in the record. In fact, the record suggests otherwise. See Fusco v. Fusco, 616 So.2d 86 (Fla. 4th DCA 1993) (lack of competent substantial evidence in record to support imputing additional income requires deletion of permanent alimony based upon such imputed income). While it is true that Larry has been voluntarily unemployed since 1984, there is no evidence that he has any skills which will make him employable in today's market. One witness testified that tug masters still serving in Panama were older men in their fifties and late forties and that there had been no new hiring in Panama for some time due to a treaty signed with Panama. Regardless, it seems that Larry will no longer be able to work as a tug master due to his arthritis. In review, Larry has only a ninth grade education, the only trade he knows is that of tug boat mate or master, and he particularly testified he had no skills with which to compete in today's market. Jeanette failed to present any evidence to contradict Larry's assertion that he has limited skills. Rather, she admitted at trial that Larry's only skill is that of tug boat operator. As for the trial court's determination that income could be imputed to Larry based on his "investment talents," the mere fact that Larry took money he received and gave it to an investment counselor to invest does not mean he has "investment talents."
In sum, there is insufficient evidence to support the trial court's finding that Larry could earn $1,200 per month. There is no evidence as to the anticipated source of the imputed income. Moreover, as to Jeanette's needs, the record evidence does not indicate that she is in need of alimony. Jeanette was awarded 43% of the retirement pension, amounting to $1,077.58 per month. She was also awarded about $78,000 cash based on the sale of the parties' marital home and limited partnership. Such awards are sufficient to sustain Jeanette in the "modest standard of living" to which the parties are accustomed.
Finally, it appears that both of the parties desire to continue their retirement and custom of living that they have both enjoyed for the last ten years of their marriage. Their standard of living was primarily financed by Larry's pension benefits and both seemed content with that. The portion of those benefits that are considered marital assets are now being divided between them as are the proceeds from the sale of the home and other investments. If either party desires to supplement such income, they certainly may do so as they are good candidates for training in minimum wage type jobs. In fact, the minimum wage was seized upon by the trial court to impute income to Larry. But there is no reason to eliminate Jeanette as a candidate for a minimum wage employee.
There is concern, however, for the uncertain future medical requirements that Jeannette may encounter in view of her history of cancer. The record reflects that she is unable to obtain medical insurance to replace the health care previously available to her as a spouse of a military veteran. Due to that uncertainty, although Jeanette does not have current burdensome medical expenses, and because this is a marriage of long duration, we believe that it is appropriate that we remand to the trial court for consideration of a nominal award of permanent periodic alimony that is capable of being modified should Jeanette's medical expenses become burdensome through no fault of her own. While medical insurance would be the desirable method of funding such expenses, Jeanette's testimony that insurance is unavailable remains unrefuted.
The final judgment of dissolution is affirmed except for that portion requiring Larry to pay permanent periodic alimony based upon an imputation of income.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART.
W. SHARP and GOSHORN, JJ., concur.