787 So.2d 100 (2001)
Derek DOIG, Appellant,
v.
Richelle DOIG, Appellee.
No. 2D99-2493.
District Court of Appeal of Florida, Second District.
April 6, 2001.
*101 Michael T. Burns, Sarasota, for Appellant.
Jay Edgar Baily, of Law Offices of Baily & Baily, P.A., Sarasota, for Appellee.
*102 FULMER, Acting Chief Judge.
Derek Doig ("the Husband") appeals the final judgment dissolving his marriage to Richelle Doig ("the Wife"). He argues that the trial court erred in invalidating a prenuptial agreement and awarding the Wife $28,500 as one-half of the enhancement value of the marital home. He also argues that the trial court erred in determining the Wife's entitlement to attorney's fees and costs. We reverse the trial court's ruling that the agreement was invalid. Nevertheless, we uphold the trial court's conclusion that the Wife was entitled to a share of the enhancement value of the marital home, but we remand for entry of an amended judgment. We dismiss for lack of jurisdiction the challenge to the Wife's award of attorney's fees.
In the final judgment of dissolution, the trial court invalidated the parties' prenuptial agreement based on the following four findings: (1) The Husband presented the agreement to the Wife ten days before the wedding, and the Wife was advised not to sign the agreement by a lawyer she consulted; (2) the Husband did not fully disclose his financial condition to the Wife such that she could make an informed decision about the agreement; (3) although the parties had discussed the possibility of an agreement a reasonable time before the wedding, the Wife was given no time to ask sufficient questions of the Husband or make her own investigation because the written agreement was presented to her after all the wedding and travel arrangements had been made; and, (4) the agreement unfairly limited the Wife's share of marital assets and was executed under duress given the circumstances set forth above.
When considering the validity of an antenuptial agreement, a trial court must determine whether the agreement contains fair and reasonable provisions for the spouse waiving his or her rights or else whether the spouse obtaining the waiver of rights made a full and fair disclosure of assets to the other spouse. Del Vecchio v. Del Vecchio, 143 So.2d 17, 20 (Fla.1962).
Inadequacy of provision for the wife does not in itself vitiate an antenuptial agreement. If, when she signed the contract freely and voluntarily, she had some understanding of her rights and had been fully informed by the husband as to his property or if, notwithstanding the husband's failure to disclose, she had or reasonably should have had a general and approximate knowledge of the character and extent of his property she will be bound.
Id. at 20.
We have reviewed the testimony and evidence relevant to the validity of the prenuptial agreement and conclude that the trial court's first finding is supported by the record but the remaining three findings are not. The evidence at trial showed that the Husband and Wife resided together approximately five years prior to the marriage and the Husband did fully disclose his financial condition by affidavit at the time the agreement was signed. At no time did the Wife testify or even raise as an issue at trial that the Husband failed to fully disclose his financial condition.
The Wife also never testified that she had insufficient time to ask questions or make her own investigation regarding the agreement. Her testimony was essentially that, when asked by her counsel whether she signed the agreement freely and voluntarily, she answered, "No." When asked if she signed the agreement under duress, she answered, "Yes." The only testimony the Wife ever presented to explain why she signed the agreement or why she felt that she had no choice but to sign was that the Husband would not marry her *103 unless she signed the agreement. It is undisputed that the Husband made it clear that without the agreement there would be no wedding. However, this ultimatum does not, in itself, constitute duress.
With respect to the trial court's finding that the agreement unfairly limited the Wife's share of marital assets, the only marital asset at issue was the enhancement in value of the marital residence, which was titled in the Husband's name and which the parties stipulated was a nonmarital asset. The Husband argues that the Wife was not entitled to any enhancement value in the residence, relying on the prenuptial agreement, which states: "Neither party shall make any claim or acquire any interest in the other party's separate property if it increases in value during the marriage." We construe this provision of the agreement to address passive appreciation. Therefore, the agreement does not preclude the application of section 61.075(5)(a)(2), Florida Statutes (1999), which provides that increases in value of a nonmarital asset that are attributable to marital labor or funds are subject to equitable distribution.
The trial court found: "Both parties contributed to the maintenance and the improvement of the residence which resulted in the increase in value which is a marital asset subject to distribution...." We agree with this finding and, therefore, affirm the trial court's determination that the Wife was entitled to be awarded one-half the enhancement value of the marital residence. See Pfleger v. Pfleger, 558 So.2d 198 (Fla. 2d DCA 1990). We reject, however, the trial court's valuation of the enhancement. The trial court found that the home had a stipulated fair market value of $110,000. Based on the cost of repairs ($41,500) and the purchase price ($94,400), the trial court arrived at an enhancement value of $57,000. Although it is unclear how the court arrived at this valuation, if the court took into account the amount spent on repairs, as the Husband speculates, this was error. We, therefore, direct the trial court to reduce the award to the Wife to reflect her share of the enhancement value which should be one-half of the difference between the fair market value of $110,000 and the purchase price of $94,400, which we calculate to be $7,800.
As for the Husband's challenge to the trial court's award of attorney's fees and costs, we do not address this issue because the trial court did not set the amount of the award in the final judgment, but simply stated that the Husband shall pay to the Wife an amount to be heard later. An order that establishes attorney's fees and costs, but not the amount of fees and costs, is a nonfinal and nonappealable order. See Ritter v. Ritter, 690 So.2d 1372, 1376 (Fla. 2d DCA 1997). We, therefore, dismiss the attorney's fee and cost issue for lack of jurisdiction.
Affirmed in part, reversed in part, dismissed in part, and remanded with directions.
SALCINES, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.