DAVIS, Judge.
The husband, Kenneth A. Peter-mann, challenges the trial court’s order granting the motion of the wife, Jeanne Petermann, requesting an upward modification of permanent periodic alimony. Following a thorough review, we conclude that the trial court’s upward modification of permanent periodic alimony was not an abuse of discretion, and we affirm.
However, we must remand for correction of two matters. First, in the final judgment of modification, the trial court made the following clerical error in paragraph six: “The Respondent’s Financial Affidavit filed on the 11th day of September, 1985 showed that he had a gross income of $540.00 per month and a net income of $361.95 per month with nominal capital assets at the time of the dissolution of marriage.” The record reveals that these were weekly, not monthly figures. We believe this to be a clerical error as the trial court’s ruling is adequately supported by a finding of a weekly income of this amount. Accordingly, paragraph six should be amended to read as follows: “The Respondent’s Financial Affidavit filed on the 11th day of September, 1985 showed that he had a gross income of $540.00 per week and a net income of $361.95 per week with nominal capital assets at the time of the dissolution of marriage.” Second, we also direct the trial *724 court on remand to strike the provision contained in the final judgment that directs the husband to “account for these alimony payments when planning his retirement.” Alimony obligations do not terminate on voluntary retirement. See Greene v. Greene, 547 So.2d 1302 (Fla. 2d DCA 1989). However, such a provision as contained in this final judgment is unnecessary and unenforceable as the provision is vague and only orders the husband to follow the law. The trial court may have intended this provision to be informational only; however, this provision creates an ambiguity as to whether some additional responsibility is being placed on the husband. Accordingly, it should be removed from the order for the sake of clarity.
Affirmed and remanded for correction.
GREEN and KELLY, JJ„ Concur.