857 So.2d 247 (2003)
Karen Jean Pilcher IRWIN, Appellant/Cross-Appellee,
v.
Michael Theodore IRWIN, Appellee/Cross-Appellant.
No. 2D02-1843.
District Court of Appeal of Florida, Second District.
September 3, 2003.
Rehearing Denied October 10, 2003.
*248 M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, and Bradley S. Bell of The Solomon Tropp Law Group, P.A., Tampa, for Appellant/Cross-Appellee.
Brandon S. Vesely and Michael J. Keane of Keane, Reese & Vesely, P.A., St. Petersburg, and Sarah M. Chaves, St. Petersburg, for Appellee/Cross-Appellant.
NORTHCUTT, Judge.
The circuit court upheld the prenuptial agreement between Karen and Ted Irwin and entered a final judgment dissolving their ten-year marriage. Mrs. Irwin contends the court should not have enforced the prenuptial agreement and that, having done so, the court misapplied its provisions when dividing the parties' assets. She also maintains that the child support award was skewed by the improper imputation of income to her and the erroneous failure to impute income to Mr. Irwin. On cross-appeal, Mr. Irwin disputes the court's determination that Mrs. Irwin was owed reimbursement for the cost of home improvements and its award of suit money and costs to her.
We decline to address the suit money and costs awards because the court did not finally determine their amounts. As such, this aspect of the final judgment is not final or appealable. See Doig v. Doig, 787 So.2d 100, 103 (Fla. 2d DCA 2001); Ritter v. Ritter, 690 So.2d 1372, 1376 (Fla. 2d DCA 1997). We affirm without further discussion on the remaining issues, save for the property distribution, which we reverse in part.
The Irwins' prenuptial agreement contained the following provisions:
1. RELEASE OF MARITAL RIGHTS: [Mrs. Irwin] hereby waives and releases all rights in the property and estate of Ted Irwin, including, but not limited to, support or alimony for herself upon dissolution of marriage ... which she may acquire by reason of her marriage to Ted Irwin. The foregoing shall apply to any property owned by Ted Irwin at any time, whether such property is acquired or held prior to or during the marriage, and whether held in his name alone or in both of their names, jointly or as tenants in common, or whether held in any such manner by him or his estate upon his death.
* * *
5. TRANSFERS BETWEEN THE PARTIES: Notwithstanding the provisions of this Agreement, any other rights acquired by [Mrs. Irwin] by virtue of any transfer or conveyance of property by Ted Irwin to her during his lifetime, or by will upon his death, shall not be limited or restricted in any way.
The circuit court discerned that, as a consequence of these provisions, there was no marital property to divide. It ordered that Mrs. Irwin was to retain all property titled solely in her name, and that Mr. Irwin was entitled to all property titled solely in his name or jointly with Mrs. Irwin. This was error stemming from an overbroad application of the waivers contained in the agreement. The agreement did not specifically reserve Mr. Irwin's marital earnings as his separate property, and thus did not exclude Mrs. Irwin's claim to share in the value of assets purchased *249 with those earnings. See Worley v. Worley, 2003 WL 21817921, 855 So.2d 632, 633 (Fla. 2d DCA 2003); Witowski v. Witowski, 758 So.2d 1181 (Fla. 2d DCA 2000). Nor did the agreement waive Mrs. Irwin's claim to her rightful share of the marital asset consisting of the enhanced value of Mr. Irwin's separate property that resulted from the contribution of marital funds or labor. Worley; Witowski. Therefore, we reverse and remand with directions to revisit the property division with these principles in mind.
Affirmed in part, reversed in part, and remanded.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.