861 So.2d 1218 (2003)
Stanford R. SOLOMON, Appellant/Cross-Appellee,
v.
Sheila A.B. SOLOMON, Appellee/Cross-Appellant.
Sheila A.B. Solomon, Appellant,
v.
Stanford R. Solomon, Appellee.
Nos. 2D01-494, 2D01-2227, 2D02-97.
District Court of Appeal of Florida, Second District.
December 12, 2003.
*1219 Stanford R. Solomon and Hallie S. Evans of The Solomon Tropp Law Group, P.A., Tampa, for Appellant/Cross-Appellee.
Arnold D. Levine and Robert H. MacKenzie of Levine, Hirsch, Segall, Mackenzie & Friedsam, P.A., for Appellee/Cross-Appellant.
KELLY, Judge.
In these consolidated cases, the former husband, Stanford Solomon, appeals from a final judgment of dissolution of marriage. The former wife, Sheila Solomon, cross-appeals the trial court's determination of the amount of marital debt in the final judgment and appeals from the trial court's order on her motion for attorney's fees, expert witness fees and costs, and the trial court's order that established a payment schedule for the equalizer portion of the equitable distribution award. We affirm without discussion the former wife's cross-appeal of the final judgment and her appeals from the trial court's orders. In the former husband's appeal, we reverse the portions of the final judgment dealing with child support, alimony, equitable distribution, and life insurance, but in all other respects we affirm the final judgment of dissolution.

CHILD SUPPORT
The former husband argues that the trial court's child support award is flawed in several respects, all of which stem from the trial court's failure to use the child support guidelines in calculating child support. Instead of calculating support based on the guidelines, the trial court based its support award on the amount of temporary support the former husband had been paying. The trial court reasoned that because the former husband had not sought child support, it was "without jurisdiction to make an award of child support to be paid to the Husband by the Wife." The trial court also relied on the fact that the former husband had not filed a pleading requesting a reduction in the amount of the temporary support he had been paying.
Simply put, the trial court was wrong. The amount of temporary support paid by the former husband does not provide a basis to ignore the child support guidelines. See Segall v. Segall, 708 So.2d 983, 989 n. 3 (Fla. 4th DCA 1998) (noting that the trial court's determination that the former husband had the ability to pay $1500 per month in child support based on his prior ability to pay $1500 per month for temporary support did not constitute a legally cognizable basis to ignore the statutory child support guidelines). Further, regardless of whether the former husband sought an award of support, the former wife was seeking such an award, and the *1220 amount of that award had to be determined under the child support guidelines. The supreme court explained the procedure the trial court is to employ in calculating the amount of child support as follows:
[A] trial court is to begin its determination of child support by accepting the statutorily mandated guideline as the correct amount. The court is then to evaluate from the record the statutory criteria of the needs of the child, including age, station in life, and standard of living, the financial status and ability of each parent, and any other relevant factors. If the trial court then concludes that the guideline amount would be unjust or inappropriate and also determines that the child support amount should vary plus or minus five percent from the guideline amount, the trial court must explain in writing or announce a specific finding on the record as to the statutory factors supporting the varied amount. Absent an abuse of discretion as to the amount of the variance, the trial court's determination will not be disturbed on appeal if the calculation begins with the guideline amount and the variation is based upon the statutory factors.
Finley v. Scott, 707 So.2d 1112, 1117 (Fla. 1998). Because the trial court failed to calculate child support under the guidelines, the award of child support must be reversed.
The former husband also contends the trial court erred in awarding child support "until the youngest child reaches the age of eighteen (18), both minor children have married, both minor children have entered into the armed forces, the death of both minor children, or the emancipation of both minor children, whichever shall first occur." This was error. In the absence of a finding of physical or mental deficiencies, child support for the oldest child should terminate when that child reaches the age of eighteen. Stultz v. Stultz, 504 So.2d 5, 6 (Fla. 2d DCA 1986).

ALIMONY
The former husband contends that the trial court applied the wrong legal standard in determining whether to impute income to the former wife for the purposes of determining alimony. We agree.
It appears from the final judgment that the trial court was under the impression that it could not impute income to the former wife unless the former husband offered evidence that there was a specific employer who was ready, willing and able to employ the former wife. However, there is no such requirement under the facts of this case. Rather, "[a] court may impute income to a party who has no income or is earning less than is available to him based upon a showing that the party has the capability to earn more by the use of his best efforts." Koeppel v. Holyszko, 643 So.2d 72, 75 (Fla. 2d DCA 1994). In imputing income, the court must consider recent work history as well as occupational qualifications and prevailing earnings. Cushman v. Cushman, 585 So.2d 485 (Fla. 2d DCA 1991); see also Shrove v. Shrove, 724 So.2d 679, 682 (Fla. 4th DCA 1999) (stating that "[a]s to the imputation of income to the wife, the amount of income a spouse may be able to earn is a factor the court should consider in determining an alimony award.").
In reaching the conclusion that there must be evidence of an actual job available to the former wife before income could be imputed to her, the trial court relied on Brooks v. Brooks, 602 So.2d 630 (Fla. 2d DCA 1992). Brooks, however, is distinguishable from this case. In Brooks, the former wife sought to have income imputed to the former husband, contending he *1221 was underemployed. The former husband offered evidence that he had sent out 100 resumes in an unsuccessful effort to secure a higher paying job. Because the former husband demonstrated that he had used his best efforts but still could not obtain a higher paying job, the burden then fell upon the former wife to show that there was an actual job available that the former husband failed to take. Unlike the former husband in Brooks, the former wife in this case had made no attempt to secure employment and testified that she had no wish to do so. Therefore, the burden never fell upon the former husband to show that a specific employer existed who was willing to hire the former wife. Thus, the rationale in Brooks does not apply here. Accordingly, the trial court erred in failing to consider whether income should be imputed to the former wife.
The former husband also argues that the amount of alimony awarded is not supported by competent, substantial evidence of the former wife's needs, that the trial court improperly included a "savings alimony" component in the award, and failed to take into account the economic effect of rotating custody. It is impossible for us to evaluate the merits of these contentions from the face of the final judgment. The final judgment does not contain any findings of fact regarding the former wife's needs or give any indication as to how the court arrived at the amount of alimony it awarded. Nor can we discern from the record how the trial court arrived at the amount it awarded. Failure to include findings of fact as required by section 61.08, Florida Statutes (2000), is reversible error. Farley v. Farley, 800 So.2d 710 (Fla. 2d DCA 2001).

EQUITABLE DISTRIBUTION
We affirm the equitable distribution award in its entirety with one exception. We agree with the former husband's contention that the trial court's valuation of the marital residence is not supported by competent, substantial evidence. There is no evidence in the record to support the value the trial court assigned to the marital home. It appears from the record that the trial court split the difference between the valuations offered by the parties to arrive at the figure in the final judgment. This is improper. Cf. Spillert v. Spillert, 564 So.2d 1146 (Fla. 1st DCA 1990) (finding that valuation based on the average of the differences in experts' valuations was not a valuation based on evidence).

LIFE INSURANCE
The former husband argues that the trial court erred by ordering him to maintain a $1,000,000 life insurance policy naming the former wife as the beneficiary. The trial court made no findings that would demonstrate that there was a need to secure the former wife's alimony, nor does the record demonstrate that such a need exists in this case. See Kearley v. Kearley, 745 So.2d 987, 989 (Fla. 2d DCA 1999) (Altenbernd, J., concurring); Moorehead v. Moorehead, 745 So.2d 549, 552 (Fla. 4th DCA 1999). In the absence of special circumstances, a spouse cannot be required to maintain life insurance for the purpose of securing an alimony obligation. Cozier v. Cozier, 819 So.2d 834 (Fla. 2d DCA 2002); Pinion v. Pinion, 818 So.2d 557 (Fla. 2d DCA 2002). No special circumstances are present in this case; therefore, it was error to require the former husband to maintain life insurance to secure the former wife's alimony.

CONCLUSION
In summary:
1. The child support award is reversed and remanded for reconsideration. On remand the trial court must recalculate the *1222 amount of child support using the child support guidelines and taking into account all the factors specified in section 61.30, Florida Statutes (2000), including whether to impute income to the former wife, the effect of the parties' rotating custody arrangement, and the actual needs of the children.
2. The alimony award is reversed based on the trial court's failure to apply the correct legal standard to determine whether to impute income to the former wife and based on the trial court's failure to include findings of fact regarding the former wife's need. On remand the trial court should reconsider whether to impute income to the former wife and it must enter a final judgment with the required factual findings supporting its award of alimony.
3. The equitable distribution award is reversed and remanded for the trial court to redetermine the value of the marital home based on the evidence in the record and to adjust the equitable distribution award accordingly.
4. On remand the trial court shall strike the requirement in the final judgment that the former husband maintain life insurance to secure the former wife's alimony.
Affirmed in part, reversed in part, and remanded.
DAVIS and COVINGTON, JJ., Concur.