962 So.2d 398 (2007)
Yovall AUGOSHE, Appellant,
v.
Debra LEHMAN, Appellee.
No. 2D05-2034.
District Court of Appeal of Florida, Second District.
August 10, 2007.
*400 Leslie Telford of Klaus & Telford, P.A., Sarasota, for Appellant.
Edward B. Sobel of Edward B. Sobel, P.A., Bradenton, for Appellee.
DAVIS, Judge.
Yovall Augoshe, the Husband, challenges the final judgment of dissolution of marriage and the amended final judgment as to unresolved financial issues, child support, marital assets, and debts. We affirm in part and reverse in part.
The parties were married on April 30, 2000, in New York. Two children were born during the marriage, one of whom was born after the parties separated. Debra Lehman, the Wife, filed the petition for dissolution of the parties' marriage on December 23, 2003. The trial court bifurcated the proceedings due to the rotation of the initial judge from the family division. The first proceeding resulted in the final judgment of dissolution that resolved the child custody/visitation issues. The only provisions of that judgment challenged by this appeal are the requirements that the Husband provide for the children's health insurance and maintain life insurance to secure the child support obligation. The successor judge received all the testimony and evidence related to the financial issues and issued the amended final judgment. The Husband challenges several findings of that judgment.
At the time of their marriage, both the Husband and the Wife owned substantial assets individually. The Husband owned apartments in New York with a net value of $900,000, which he managed for a source of income. Additionally, the Husband taught in a private school. The Wife owned securities and retirement plans and was employed as a human resources officer. When they married, the parties continued to maintain their personal finances separately; however, they did open a joint account to which they each contributed $1200 to $1400 monthly for the payment of their joint expenses.
Two years into the marriage, the Husband purchased a motel in Bradenton, Florida. The actual purchaser was the Husband's subchapter S corporation, which he had formed for this purpose and in which he was the sole shareholder. The Husband borrowed against his apartments in New York to obtain the down payment, and he financed the rest through a purchase money mortgage, which he signed in his individual capacity. Although the Wife initially remained in New York, she later joined the Husband in Florida, where she did not undertake outside employment but became a "stay-at-home mom." The parties resided at the motel and took about *401 $150 a week from its operation for marital expenses.
Because the motel was in poor condition at the time of the purchase, the Husband took additional loans to renovate the property, which were collateralized by the New York apartments. The Husband's sole sources of income during the remainder of the marriage consisted of the rental income from the apartments in New York and the revenue generated by the operation of the motel.
The Husband raises four issues on appeal. First, he challenges the trial court's determination of the amount of child support that he is required to pay. We review this finding for an abuse of discretion. See Davis v. Davis, 371 So.2d 591, 593 (Fla. 2d DCA 1979). Although the testimony in the record on appeal is conflicting as to the Husband's income, our review of the record shows that the trial court's finding regarding the Husband's income is supported by competent, substantial evidence. See Greer v. Greer, 438 So.2d 535 (Fla. 2d DCA 1983). Although the Husband may disagree with the accuracy of the Wife's evidence on this issue, we cannot say that the trial court abused its discretion in determining the amount of the Husband's income, and we affirm that finding.
One of the factors underlying the trial court's child support award must be clarified. In calculating the amount of child support to be awarded to the Wife in the amended final judgment, the trial court credited the Wife with an amount for the cost of health insurance. However, the initial final judgment had ordered the Husband, not the Wife, to pay for the children's health insurance. We therefore remand to the trial court with directions to either delete the health insurance requirement in the final judgment or modify the amended final judgment to remove the Wife's health insurance credit. We affirm the other issues related to the determination of child support without comment.
As a related issue, the provision in the final judgment requiring the Husband to maintain $100,000 of life insurance coverage to secure the child support obligation must be reversed. There was no evidence presented regarding the cost of such coverage, the availability of such coverage, or the Husband's ability to provide such coverage. Because the trial court erred in making such a finding without an evidentiary basis, we reverse this provision of the final judgment and remand for an evidentiary hearing on the issue. See Burnham v. Burnham, 884 So.2d 390 (Fla. 2d DCA 2004).
Next, the Husband challenges the trial court's finding that the motel was a marital asset. The general rule is that property that is lawfully acquired after the marriage and is enhanced by marital labor and funds is marital property. See Bowen v. Bowen, 543 So.2d 1284, 1285 (Fla. 2d DCA 1989). The crucial inquiry is "whether the property was legally and beneficially acquired by either or both of the parties during the marriage." Id. at 1286 (citing Buttner v. Buttner, 484 So.2d 1265, 1266-67 (Fla. 4th DCA 1986)). Because the motel here was acquired during the marriage and was enhanced by marital labor, it would properly be classified as marital property.
The Husband argues, however, that because the financing for the motel was provided by nonmarital funds, his purchase of the motel was simply an exchange of one nonmarital asset for another, especially since he intended to pay his indebtedness on the loans with revenue generated by the motel. We disagree. In finding the motel to be marital property, the trial court correctly observed that even though *402 nonmarital funds were used to finance the purchase, the use of those funds did not constitute an exchange of the nonmarital New York property for the motel because the Husband would continue to own both the New York property and the motel after the motel financing debt was repaid. The trial court also aptly noted that the Husband created the subchapter S corporation to purchase the motel during the marriage and that the Husband was the sole shareholder of that corporation. Finally, the trial court observed that the Wife lived and worked at the motel for a time before the separation and thus expended marital labor to enhance the value of the property. Accordingly, the trial court's determination that the motel was marital property was correct, and we affirm as to this issue. See Steiner v. Steiner, 746 So.2d 1149, 1150 (Fla. 2d DCA 1999) ("Marital assets are those acquired during the marriage, created or produced by the work efforts, services, or earnings of one or both spouses.").
However, even if the trial court erred in finding the motel a marital asset, such an error would not require reversal here because the trial court did not include the motel property in the plan of equitable distribution. Rather, the trial court determined the appreciation in the value of the motel by subtracting the purchase price from the current value of the motel, as determined by the court, and then distributed the appreciation equally to the parties. Accordingly, even if the motel itself was nonmarital property, the appreciation was a marital asset. See Yitzhari v. Yitzhari, 906 So.2d 1250 (Fla. 3d DCA 2005) (stating that the appreciation of a nonmarital asset resulting from the efforts of either party during the marriage is a marital asset subject to equitable distribution). The Husband testified that he spent considerable effort in the remodeling and managing of the motel from the date of purchase through the date of separation. The Wife also testified that upon moving to Florida, she lived at the motel with the Husband and helped in the operating of the business.
On the other hand, the Husband presented no evidence as to what portion, if any, of the appreciation should be attributable to passive market conditions. Therefore, the trial judge was correct to equitably divide the appreciation in the value of the motel. See O'Neill v. O'Neill, 868 So.2d 3, 5 (Fla. 4th DCA 2004) ("[O]nce it is established that marital labor was used, the burden falls to the party claiming that the increase is nonmarital to establish whether any part of the increase was the result of passive market conditions and, thus, is exempt from equitable distribution."). Because the record shows that marital labor was involved in the improvements and there was no evidence that the appreciation was attributed to passive market conditions, we conclude that the trial court was correct to distribute the appreciation in the value of the motel as a marital asset.
In the third issue, the Husband contests the trial court's valuation of the motel, challenging both the amount and the date of valuation set by the trial court. We review the determination of the value of the motel for an abuse of discretion. See Polley v. Polley, 588 So.2d 638, 642 (Fla. 3d DCA 1991). The Wife presented an expert who provided the trial court with two estimated valuations. He explained that when applying the comparable sales approach, he came up with a value of $4,400,000 but that when he used the income approach, the resulting value was $4,310,000. The only evidence of valuation provided by the Husband was proof of the $2,842,858 purchase price.
*403 Despite the above valuations, the trial court determined that the value of the motel in June 2004 was $3,576,429. Our review of the record fails to disclose any competent evidence to support this finding. The only credible explanation for such valuation is found in the Husband's observation that $3,576,429 is the exact midpoint between what the Husband presented as the purchase price and what the Wife's expert valued the motel at using the income approach.[1] This is an improper method of valuation. The trial court's valuation must be based on competent evidence and cannot be determined by "split[ting] the difference." Solomon v. Solomon, 861 So.2d 1218, 1221 (Fla. 2d DCA 2003). Accordingly, we must reverse the trial court's determination of the value of the motel and remand to the trial court with directions to enter a proper valuation based on the evidence that was presented at trial.
The Husband also argues that the trial court erred in selecting the date of valuation. All of the other marital assets were valued as of the date of separation; however, the date of valuation for the motel was set six months later. Our review of the trial court's decision in this matter is governed by an abuse of discretion standard. See § 61.075(6), Fla. Stat. (2003) ("Different assets may be valued as of different dates, as, in the judge's discretion, the circumstances require."). The difference between the date of separation and the date chosen by the trial court is a period of fewer than six months. Although the Husband complains that the trial court should have selected the separation date it used for valuation of other marital assets, the Husband failed to present any testimony as to the value of the motel as of the date of separation. The only evidence he presented regarding valuation was evidence of the purchase price and the amount he had invested for renovations. Since the only expert opinion as to the value of the property came from the Wife and the date of that valuation happened to be within six months of the date of separation, we cannot say that it was unreasonable for the trial court to adopt that valuation date. See Perlmutter v. Perlmutter, 523 So.2d 594 (Fla. 4th DCA 1987). Accordingly, we affirm the trial court's determination of the appropriate valuation date.
In the fourth issue, the Husband argues that in awarding the Husband a fifty percent share of the marital assets, the trial court failed to consider the statutory factors contained in section 61.075. The Husband argues that if the appreciation in the value of the motel property is a marital asset, he is entitled to more than a fifty percent share because, as the principal in the purchase and operation of the motel, he contributed more than fifty percent to the appreciation of that asset. By contrast, the Wife did not join him at the motel until later and neither invested liquid assets nor pledged other assets to obtain renovation funding. However, in view of the abuse of discretion standard that we are obliged to apply in our review of this issue, we cannot conclude, based on this record, that no reasonable person would have reached this decision based on these facts. See Pomeranz v. Pomeranz, 901 So.2d 895 (Fla. 4th DCA 2005). Since we determine that the trial court did not abuse its discretion, we affirm the equitable distribution contained in the amended final judgment.
*404 In conclusion, we affirm the trial court's determination regarding the amount of the Husband's income for purposes of calculating child support; we remand for clarification of which party must pay for the children's health insurance; we remand for an evidentiary hearing regarding the requirement that the Husband maintain life insurance; we affirm the trial court's determination that the appreciation in the value of the motel is a marital asset; we reverse the trial court's valuation of the motel and remand with instructions to reconsider the value of the motel based on the evidence that was presented at trial and to modify the equitable distribution plan accordingly; we affirm the trial court's selection of the date of valuation of the motel; and we affirm the equitable distribution of assets except as noted herein.
Affirmed in part, reversed in part, and remanded with instructions.
CANADY, J., and CRENSHAW, MARVA L., Associate Judge, Concur.
NOTES
[1] If one adds $4,310,000 and $2,842,858 and then divides that sum by two, the result is the exact value determined by the trial court.