CRENSHAW, Judge.
 

 In these consolidated cases, the former husband, Jon Vollmer, appeals the trial court’s final order on his supplemental petition to modify alimony and child support, and the trial court’s order and judgment on the former wife’s motion for attorney’s fees and costs. Because we find that the trial court’s determination of the former husband’s current income was not supported by competent, substantial evidence, we reverse and remand for further proceedings. We also reverse the portions of the final order determining child support and the order on attorney’s fees and costs because both findings depend on a recalculation of the former husband’s income. However, we summarily affirm on all other aspects and specifically observe that the trial court did not err when it refused to make any modification retroactive, nor did it err in awarding child support that exceeded the statutory guidelines.
 

 The former husband and the former wife, Gayle Satcher Vollmer, married in 1990 and divorced in 2005. During their divorce proceedings, the parties entered into a marital settlement agreement which was incorporated into the final judgment of dissolution. The agreement required the former husband to pay the former wife a monthly alimony obligation of $27,500 and $4279 in child support payments for the three minor children born of the marriage. In addition, the former husband agreed to pay for the children’s private school tuitions and extracurricular expenses.
 
 [1]
 

 In 2007, the former husband filed a supplemental petition seeking the downward modification of his alimony and child support obligations due to a material change in his financial circumstances. The former husband sought the modification because his base salary and equity compensation were reduced due to a corporate reorganization at his job. In October 2008, the trial court conducted a hearing on the former husband’s petition, wherein it attempted to resolve the dispute between the parties concerning the former husband’s actual reduction of income.
 

 Due to the complex nature of how and when the former husband was paid, the trial court was presented with four different methods of calculating the reduction of his gross income. Based on these methods, the trial court obtained four different percentages — 10.5%, 15%, 23%, and 25%—
 
 *69
 
 and averaged these percentages to determine that the former husband’s annual gross income was reduced by 17%. The trial court then reduced the former husband’s monthly alimony payments to $22,825, a 17% reduction. The trial court also adjusted the former husband’s monthly child support obligation to $8678, but did not modify the former husband’s payments as to the children’s schooling or extracurricular activities.
 

 A trial court’s award of alimony is reviewed under an abuse of discretion standard.
 
 See Farley v. Farley,
 
 858 So.2d 1170, 1172 (Fla. 2d DCA 2003). An award must be reversed “where the record does not contain substantial, competent evidence to support the trial court’s findings regarding the amount of alimony awarded.”
 
 Id.
 

 In
 
 Solomon v. Solomon,
 
 861 So.2d 1218 (Fla. 2d DCA 2003), this court concluded that the trial court improperly split the difference between competing valuations of the Solomons’ marital home because there was no evidence in the record to support the new value assigned by the trial court.
 
 Id.,
 
 861 So.2d at 1221 (citing
 
 Spillert v. Spillert,
 
 564 So.2d 1146 (Fla. 1st DCA 1990));
 
 see also Augoshe v. Lehman,
 
 962 So.2d 398, 403 (Fla. 2d DCA 2007) (determining the court’s midpoint valuation of a motel acquired during the marriage was improper because it was not based on competent, substantial evidence). Likewise, we find the trial court abused its discretion when it calculated an independent average of the former husband’s reduction in income because the finding of a 17% decrease, standing alone, was not supported by competent, substantial evidence. If the trial court decides to utilize an averaging method, the method should be implemented only if competent substantial evidence supports the court’s assessment. The trial court’s determination must also be supported by the appropriate findings.
 

 Further, we point out that the trial court erred by considering the former husband’s one-time receipt of $21,960 of equity compensation in March 2008 and his anticipated yet unearned stock awards for December 2008 as part of his annual income for 2008. Such nonrecurring income can instead be considered by the trial court when the recurring income is not sufficient to meet a child’s needs.
 
 See
 
 § 61.30(13), Fla. Stat. (2007);
 
 Ghay v. Ghay,
 
 954 So.2d 1186, 1190 (Fla. 2d DCA 2007). Thus, on remand the trial court is directed to “consider the relative financial circumstances of both parties at the time of the final judgment compared with the parties’ relative financial circumstances when the petition for modification was filed.”
 
 Carls v. Carls,
 
 890 So.2d 1135, 1138 (Fla. 2d DCA 2004). This consideration must include “[a]ll sources of income available to either party,” including the former wife’s income. § 61.08(2)(g).
 

 Finally, in light of our reversal of the trial court’s determination of the former husband’s income, the trial court is directed to revisit and, if needed, recalculate its modification of child support.
 
 See
 
 § 61.14(1);
 
 Hudson-McCann v. McCann,
 
 8 So.3d 1228, 1230 (Fla. 5th DCA 2009). Similarly, the trial court must reexamine the former wife’s award of attorney’s fees and costs.
 
 See Augoshe v. Lehman,
 
 964 So.2d 277, 277 (Fla. 2d DCA 2007); see
 
 also Huntley v. Huntley,
 
 578 So.2d 890, 893 (Fla. 1st DCA 1991) (“Reconsideration of the parties’ incomes will also require reconsideration of each party’s ability to pay attorney’s fees.”).
 

 Reversed in part, affirmed in part, and remanded with directions.
 

 KELLY and MORRIS, JJ., Concur.
 

 [1]
 

 . After entering into the marital settlement agreement, the former husband immediately moved for the trial court to set it aside. The trial court denied his motion, and we affirmed the decision.
 
 See Vollmer v. Vollmer,
 
 963 So.2d 239 (Fla. 2d DCA 2007) (table opinion). We also affirmed the trial court’s order granting attorney’s fees to the former wife.
 
 Id.