COWART, Judge.
The 1983 judgment dissolving the marriage between the parties left the parties as tenants in common of their former marital home. In 1984, the ex-husband bought the ex-wife’s interest when it was sold at a sheriffs sale to satisfy a judgment against the ex-wife in favor of a third party. After failing in direct attacks on the validity of the judgment, the ex-wife in 1985 brought actions in the state and federal courts seeking damages from the ex-husband and others for her loss occasioned by the sheriff’s sale. In 1986, she filed a petition in the 1981 dissolution action for modification of alimony, but therein also sought to obtain a judgment against the ex-husband as to the interest she lost by the sheriff’s sale. In addition, in Count III of the petition for modification she alleges that she believes the ex-husband will divest himself of assets, and that to insure any “modification judgment” she may obtain against him the court should either (1) order him to post a $100,000 cash bond or (2) place a restriction or limitation on his ability to transfer the ex-husband’s home which he acquired after the dissolution. After a hearing on the ex-husband’s motion to dismiss Count III, the court not only denied the motion, but without notice that such action was going to be considered, without an evidentiary hearing, and without requiring the ex-wife to post a bond, the court ordered the ex-husband to not sell or surrender his interest in his present home, being property that was not involved in the 1983 dissolution. The trial court denied the ex-husband’s motion for rehearing, stating that the court's order was in the nature of a temporary injunction or lis pendens which could be dissolved and that if the ex-husband desired an evidentiary hearing on it, he could schedule one. Instead the ex-husband appeals. We reverse.
The main issue in this case is whether or not Count III of the ex-wife’s complaint states a case for injunction, and if it does, whether such injunction should have been granted without notice.
Count III is actually a request for security for the judgment sought in another count and is insufficient on its face to state a cause of action for relief.[1] There are insufficient facts demonstrating irreparable harm or that the remedy at law is inadequate. There are insufficient allegations to show with substantial certainty that immediate and irreparable damage will result unless a temporary injunction is issued.[2] Furthermore, the petition fails to comply with Florida Rule of Civil Procedure 1.610(a) requiring specific facts, as the ex-wife has presented no affidavit alleging irreparable harm or that the remedy at law is inadequate.[3] In addition, it was error to grant the injunctive relief without conditioning it on the ex-wife posting a bond as required by Florida Rule of Civil Procedure 1.610(b).[4]
The order granting injunctive relief is also in error because it was issued without giving the ex-husband due process *1126 notice and opportunity to be heard on that issue. The nature of injunctive relief imposes a special duty of care and caution upon the issuing judge. Notice is the best procedural safeguard to protect the rights of a defendant when injunctive or similar remedy is involved.[5] The ex-husband went into the hearing to argue for the dismissal of Count III and left the hearing enjoined from selling or surrendering his interest in his present home. The ex-husband was not afforded meaningful notice as required before injunctive remedy may be imposed, nor were the terms of Florida Rule of Civil Procedure 1.610(a)(1) relating to dispensing with notice met.[6] Neither public policy, the interest of justice, nor due process can tolerate the procedure or result below.
That portion of the order appealed ordering the ex-husband not to sell or encumber his present home (paragraph 8 of Order of May 7, 1987) is quashed[7] and the cause is remanded with instructions to grant the motion to dismiss Count III of the petition.
REVERSED and REMANDED.
DAUKSCH and DANIEL, JJ., concur.

.A litigant is not entitled to an injunction because of the possible financial inability of a prospective judgment debtor to satisfy a money judgment. See Simms v. Burnette, 55 Fla. 702, 46 So. 90 (1908). Neither is the ex-wife entitled to an attachment before judgment because the petition does not comply with the substantive and procedural aspects of Chapter 76, Florida Statutes, relating to grounds (§§ 76.04 and 76.-05, Fla.Stat.), verification of specific facts (§ 76.08, Fla.Stat.), and bond (§ 76.12, Fla. Stat.). Lis pendens is not appropriate because the ex-wife does not seek specific relief against the subject property. See, e.g., Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356 (Fla. 4th DCA 1985); Sunrise Point, Inc. v. Foss, 373 So.2d 438 (Fla. 3d DCA 1979), cert. denied, 374 So.2d 99 (Fla.1979).

. Minimatic Components, Inc. v. Westinghouse Electric Corporation, 494 So.2d 303 (Fla. 4th DCA 1986).

. Conway Meats, Inc. v. Orange Ave. Partnership, 440 So.2d 674 (Fla. 1st DCA 1983).

. Richardson v. Upchurch, 452 So.2d 1117 (Fla. 2d DCA 1984). See also Meinstein v. Travel Etc., Inc., 442 So.2d 1085 (Fla. 3d DCA 1983).

. Injunctive Relief in Florida, 4 U.Fla.L.Rev. 571, 611 (1951).

. Levy v. Gourmet Masters, Inc., 214 So.2d 82 (Fla. 3d DCA 1968).

.This quashal constitutes an adjudication that the temporary injunction in this case was wrongfully issued.