GERSTEN, Judge.
Appellant/Cross-appellee, Ana R. Bovet (wife), appeals the form and amount of alimony awarded her, and the trial court’s failure to retain jurisdiction for future modifications, if needed. Appellee/Cross-appellant, Claude J.J. Bovet (husband) cross appeals the award of alimony. We affirm in part, reverse in part, and remand.
Husband and wife were married for twenty-six years during which three children were born. During the marriage, the husband was the primary wage earner, although both husband and wife are highly educated. Before the dissolution, the parties entered into a property settlement agreement resolving all issues except alimony, if any, which was to be determined by the court. Another pertinent fact is that the wife recently underwent breast cancer surgery and is receiving radiation treatments.
After a hearing, the trial court granted the dissolution, adopted the property settlement agreement, and granted the wife periodic rehabilitative alimony in the aggregate amount of $16,500, payable over 18 months. The court did not reserve jurisdiction for any future modification of alimony. Upon cross-motions for rehearing, the trial court amended its final judgment converting the periodic rehabilitative alimony into one lump sum payment of $16,500, and again denied the motion to reserve jurisdiction.
The wife asserts that the trial court erred and abused its discretion by failing to award sufficient alimony, and refusing to reserve jurisdiction for future modifications. The husband contends that the trial court erred in awarding any alimony, and in converting the periodic payments into one lump sum amount.
The amount of alimony awarded is within the sound discretion of the court to insure equity and justice. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We find no abuse of discretion in the amount of alimony awarded in light of both parties’ financial circumstances.
We do find an abuse of discretion in the trial court’s sua sponte conversion of the periodic rehabilitative alimony into a lump sum payment, foreclosing access to modification, if needed, within the eighteen month payment period previously accorded the wife. We also find error in the trial court’s failure to reserve jurisdiction for a reasonable period of time in light of the wife’s health problems and need for rehabilitation. See Halberg v. Halberg, 519 So.2d 15 (Fla. 3d DCA 1987); Hyatt v. Hyatt, 315 So.2d 11 (Fla. 3d DCA 1975); Langston v. Langston, 257 So.2d 625 (Fla. 3d DCA 1972); Gordon v. Gordon, 204 So.2d 734 (Fla. 3d DCA 1968).
Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.