FLETCHER, Judge.
Nilo Sierra appeals a child support order, alleging that the trial court made improper financial calculations which resulted in excessive monthly payments to appellee Penny Ellison being required of him. Because we find that the court’s calculations violated section 61.30, Florida Statutes (1993), we reverse and remand for a new hearing on child support.
Sierra complains: (1) that the trial court erred when it failed to deduct the court-ordered support he is actually paying for his two other children from a prior marriage; (2) that the trial court took into consideration overtime pay in determining his usual income, but failed to consider Ellison’s overtime pay; and (3) that the trial court failed to attribute to Ellison any value for the “take-home” vehicle supplied to her by her employer.
1.
The record reflects that Sierra is actually paying court-ordered child support, for his two other children from a prior marriage, in the monthly amount of $1,600. In determining the child support here, however, the trial court deducted from Sierra’s gross income only the amount of $1,300 as “appropriate for child support for Nilo Sierra’s prior support obligation.” As section 61.30(3)(f), Florida Statutes (1993), requires that the actual amount of court-ordered support paid for other children be deducted, the calculation by the trial court is in error and a recalculation must be made.[1]
*408 Sierra contends that he is entitled to a reduction of his gross income by the amount of alimony which he is paying his former wife under court order. We agree. Under paragraph 61.30(3)(a), Florida Statutes, “[a]llowable deductions from gross income shall include ... Federal ... income tax deductions, adjusted for actual filing status and allowable dependents and income tax liabilities.” Since alimony is deductible for income tax purposes, alimony which is actually paid is to be included with other income tax deductions and deducted from gross income. The wording of the order now under review appears to indicate that the trial court did not grant Sierra any deduction for alimony actually paid. He is entitled to such credit if it has not already been given.
2.
The trial court was correct when it included Sierra’s overtime pay in his gross income. § 61.30(2)(a)(2), Fla. Stat. (1993). However, there appears to remain a dispute regarding whether Ellison is receiving overtime pay or off-duty pay, and since we are remanding for a new hearing on all issues, the trial court is directed to resolve that dispute. If Ellison is receiving overtime pay or off-duty pay then it should be included in her gross income pursuant to section 61.30(2)(a)(2), Florida Statutes (1993).
3.
Sierra contends that the trial court should have included in Ellison’s gross income a value for the “take-home” vehicle provided by the employer. Although such a benefit is not listed specifically in section 61.30(2)(a), Florida Statutes (1993) as being included in gross income, we do note that this section provides that “gross income shall include, but is not limited to” the items listed. A take-home vehicle may represent a substantial benefit to the employee, i.e., fuel paid by the employer to and from work, reduction of wear on the employee’s own vehicle, and the employee’s personal use of the employer’s vehicle, if personal use is allowed by the employer. The trial court may in its discretion include an allowance for the “take-home” vehicle as part of Ellison’s gross income if there is a readily calculable basis for doing so, but need not do so if the benefit is insubstantial or the amount of benefit is not readily calculable.
4.
As a result of the foregoing, we reverse the child support order and remand for a new hearing on all issues and the entry of a support order recalculated upon the parties’ financial circumstances at the time of the new hearing. The trial court shall provide proper credit for any overpayments previously made by Sierra.
Reversed and remanded.

. We note a discrepancy in the order in Sierra's prior divorce case which sets the child support and alimony amounts. The order set child support at $1,600 per month, which it converted to $800 biweekly. Those two figures are not equivalent ($1,600 x 12 = $19,200; $800 x 26 = $20,800). See In re Family Law Rules of Procedure, 663 So.2d 1049, 1102 (Fla.1995). Sierra is entitled to credit based on the amount actually being paid.
*408 The same discrepancy exists for the alimony figure, which is ordered at the rate of $200 per month, or $100 biweekly.