722 So.2d 947 (1998)
Robert W. DE LUCA, Appellant,
v.
Debra Ann DE LUCA, Appellee.
No. 98-2100
District Court of Appeal of Florida, Third District.
December 30, 1998.
Lisa A. Baird, Miami, for appellant.
George E. Gelb, Miami, for appellee.
Before GERSTEN, GODERICH and SORONDO, JJ.
PER CURIAM.
The husband, Robert W. De Luca, appeals from a non-final order awarding temporary support. We affirm, in part, and reverse, in part.
In the underlying dissolution of marriage action, the wife filed an emergency motion seeking temporary alimony and child support. Based on the testimony presented at the hearing, the trial court granted the wife's motion for temporary support based on the following findings of fact.
*948 The parties were married in 1984 and have two minor children. By agreement of the parties, the wife has stayed home for the past ten years and has cared for the children. The husband works and has a current net income of $2,760 per month. In addition, the husband receives net rental income of $230 per month and interest income from a savings account of $310 per month. The husband's total present net income is $3,300. The child support guidelines for this net income for two children is $1,090.
When the husband separated from the wife, he removed from joint bank accounts $62,000, leaving the wife $71,000. At the hearing, the wife produced evidence that the family's monthly expenses in the past had totaled $4,337.
The trial court concluded that, based on his salary and his assets, the husband had the ability to pay monthly child support of $1,090 and monthly alimony of $2,410, for a combined temporary monthly award of $3,500. Further, the court prohibited the husband from "dissipating, using alienating, putting a lien on, any of his capital assets including the $62,000 he removed from joint bank accounts, his 401k plan and any other capital assets." The husband appeals from this order.
The husband contends that the trial court abused its discretion by entering a temporary support order that exceeded his ability to pay. We agree.
It is obvious from the face of the order that the trial court abused its discretion when it ordered the husband to pay temporary support in excess of his net income. The trial court found that the husband's net income was $3,300, but nevertheless determined that the husband had the ability to pay $3,500 in combined temporary child support and alimony. We find that this combined award exceeding his monthly net income was clearly an abuse of discretion. See, Miller v. Miller, 707 So.2d 419 (Fla. 4th DCA 1998); Abraham v. Abraham, 700 So.2d 421 (Fla. 3d DCA 1997).
Of the $3,500 combined award, $1,090 was temporary child support and $2,410 was temporary alimony. We find that the trial court properly followed the child support guidelines for two children with a household net income of $3,300 and awarded the wife $1,090 in temporary child support. Burkhart v. Burkhart, 620 So.2d 225 (Fla. 1st DCA 1993). Therefore, the abuse of discretion lies in the award of $2,410 in temporary alimony to the wife.
Even though the wife was able to show that the monthly expenses of the household are over $4,000, the court cannot proverbially "draw blood from a stone." As is often the case in divorce, income that was once used to maintain one household must now be used to maintain two. If this means that both parties must reduce their standard of living, so be it. Accordingly, we reverse the award of temporary alimony and remand for a determination of a reasonable amount of alimony to be paid to the wife.
Further, we agree with the husband's contention that the trial court abused its discretion by enjoining his assets without prior notice in violation of his right to due process. See Simpson v. Simpson, 524 So.2d 1124 (Fla. 5th DCA 1988).
Accordingly, we affirm the award of temporary child support, reverse and remand the award of temporary alimony with directions, and reverse that portion of the order enjoining the husband's assets.
Affirmed, in part; reversed, in part, and remanded with directions.