785 So.2d 528 (2001)
Dannie Anthony AUSTIN, Appellant,
v.
Liliam M. AUSTIN, Appellee.
No. 3D98-3199.
District Court of Appeal of Florida, Third District.
January 17, 2001.
Rehearing Denied May 30, 2001.
*529 Abrams, Etter & Marks, and Deborah Marks, North Miami, for appellant.
Paul Morris, Coral Gables, for appellee.
Before LEVY, GODERICH, and GREEN, JJ.
Rehearing En Banc Denied May 30, 2001.
PER CURIAM.
The husband, Dannie Anthony Austin, appeals from the amended final judgment of dissolution of marriage. We affirm in part, reverse in part, and remand for further proceedings.
The parties separated after sixteen years of marriage. The evidence showed that the wife dedicated herself to the parties' three children and to her husband. Moreover, the trial court found that the wife forfeited her career so that the husband could climb "up the corporate ladder." The evidence also showed that the husband is a successful marketing executive earning a gross income of approximately $192,000.00 per year plus employee benefits.
In the amended final judgment, the trial court entered a rotating custody schedule whereby the children would spend approximately the same number of evenings sleeping at each parent's home. Moreover, the trial court awarded the wife $6,140.00 per month as permanent alimony and $1,590.89 per month in child support. Further, the trial court found that the wife could earn $1,360.00 per month as a part-time Spanish instructor.
The husband contends that the amount awarded to the wife as permanent alimony was an abuse of discretion. We agree.
The amount of alimony that a trial court awards is within its sound discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Bovet v. Bovet, 563 So.2d 154, 155 (Fla. 3d DCA 1990). When awarding alimony, the trial court should attempt to place the parties "as close as possible to the prior lifestyle, given the financial resources available." Laz v. Laz, 727 So.2d 966 (Fla. 2d DCA 1998), review denied, 735 So.2d 1286 (Fla.1999). However, as this Court has recognized, "[a]s is often the case in divorce, income that was once used to maintain one household must now be used to maintain two. If this means that both parties must reduce their standard of living, so be it." De Luca v. De Luca, 722 So.2d 947, 948 (Fla. 3d DCA 1998).
In the instant case, it is unlikely that the parties will be able to maintain the same standard of living that they enjoyed during the marriage. As a result of the rotating custody schedule, each parent must maintain a home that can adequately accommodate the children. Therefore, instead of maintaining one household, two complete households must now be maintained. Further, after taking into consideration the amounts awarded to the wife for child support and alimony, the wife's imputed income, the husband's income, and the taxes that each party will be required to pay, it is apparent that the wife has fared significantly better than the husband. As such, we find that the trial court has abused its discretion. See Laz, 727 So.2d at 967. Accordingly, we reverse the amount awarded to the wife in permanent alimony and remand for a redetermination of the amount of alimony. Upon remand, because a reduction in the wife's alimony *530 award will affect the child support award, the trial court is also ordered to recalculate the child support award. See § 61.30(2)(a)(9), Fla.Stat. (1999).
The remaining issues that the husband has raised on appeal lack merit.
Affirmed in part, reversed in part, and remanded.