782 So.2d 542 (2001)
Everett RASHOTSKY, Appellant,
v.
Rochelle RASHOTSKY, Appellee.
No. 3D00-572.
District Court of Appeal of Florida, Third District.
April 18, 2001.
*543 Buchbinder & Elegant; Lauri Waldman Ross, for appellant.
Shelley M. Mitchell, for appellee.
Before JORGENSON and GERSTEN, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Everett Rashotsky appeals the amount of permanent periodic alimony awarded Rochelle Rashotsky in the couple's final dissolution of marriage. We reverse and remand for further proceedings.
The Rashotskys had been married 32 years when Mr. Rashotsky filed for dissolution of marriage, Mrs. Rashotsky thereafter counter petitioned. The parties have three grown children. The couple enjoyed a lavish lifestyle until the late 1990's when, for a brief time, Mr. Rashotsky started a business which thereafter went into bankruptcy. During this period, the couple's assets were almost completely depleted. By the time of trial, however, Mr. Rashotsky was back to working for his former employer and earning a monthly net income of $10,500.00, plus an end of year bonus.[1],[2] The order under review is the result of the court's original order as modified in response to the husband's motion for rehearing. The final result was the determination that the husband pay the wife $6,000 a month in permanent periodic alimony, as well as the first $12,984 of any bonus.
The amount of alimony that a trial court awards is within its sound discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Bovet v. Bovet, 563 So.2d 154, 155 (Fla. 3d DCA 1990). When awarding alimony, the trial court should attempt to place the parties "as close as possible to the prior lifestyle, given the financial resources available." Laz v. Laz, 727 So.2d 966, 967 (Fla. 2d DCA 1998). However, as this Court has recognized, "[a]s is often the case in divorce, income that was once used to maintain one household must now be used to maintain two. If this means that both parties must reduce their standard of living, so be it." See De *544 Luca v. De Luca, 722 So.2d 947, 948 (Fla. 3d DCA 1998).
As explained below, the final result of the trial court's rulings was to reverse its earlier position on tax liability and conclude the wife's award would "not be deductible to the husband nor taxable to the wife." Mr. Rashotsky had claimed living expenses of $4,315.00. After the payment of taxes as ultimately ordered, this left Mr. Rashotsky with less the amount necessary to meet his monthly claimed expenses. Mrs. Rashotsky claimed monthly living expenses of $7,082.00. This amount, according to Mr. Rashotsky, was not in keeping with the parties' present situation. Mr. Rashotsky argued that his wife's reasonable needs were no more than $4000 a month. He pointed to various claimed expenditures such as Mrs. Rashotsky's claim for $1000 a month for food, as demonstrating Mrs. Rashotsky had simply not come to grips with the parties' current financial status. The judge expressed serious reservations about Mrs. Rashotsky's spending habits, however ultimately, nonetheless, awarded a sum which would cover the expenses claimed.
As stated above, while the trial court's initial order, in accordance with the recommendation of the court appointed accounting expert, concluded the alimony awarded would be deductible to Mr. Rashotsky and taxable to Mrs. Rashotsky, the order on rehearing reversed that determination. Mr. Rashotsky argues that while providing an increased short term cash flow, the court's change in position worked a significant disadvantage overall, costing, by the court expert's calculation, some additional $13,000 a year in taxes.
In Almodovar v. Almodovar, 754 So.2d 861, 862 (Fla. 3d DCA 2000), we observed, the usual treatment of alimony is to make the alimony taxable to the recipient and deductible by the payor. See generally Rihl v. Rihl, 727 So.2d 272 (Fla. 3d DCA 1999); Garcia v. Garcia, 696 So.2d 1279 (Fla. 2d DCA 1997). We opined that in the alternative, "[i]f the trial court wanted to avoid burdening the former wife with the tax consequences of the alimony payments the court has the discretion to provide that `the payor [former husband] will not deduct the alimony payments so that the payee [former wife] may then exclude the payments from gross income.'" Almodovar, 754 So.2d at 862 (Citation omitted.) On the instant facts, we agree with Mr. Rashotsky that the trial court abused its discretion when it reversed its position on the taxing of the payments awarded. That decision worked an unnecessary hardship on the overall financial position of the couple. Here, the trial court should have followed the general rule, concluding the alimony was taxable to the recipient and deductible by the payor.
In light of the above stated corrections and because it is clear that Mr. Rashotsky will not be able to live within his own stated needs under the order as it stands, we reverse the order and remand for further proceedings. See Austin v. Austin, 26 Fla.L. Weekly D238, ___ So.2d ___, 2001 WL 37806 (Fla. 3d DCA Jan.17, 2001); Schlafke v. Schlafke, 755 So.2d 706 (Fla. 4th DCA 1999)(concluding traditional alimony depends upon the financial ability of the other spouse to make such payment without substantially endangering his or her own economic status); De Luca, 722 So.2d at 948.
The order under review is reversed and remanded for further consideration. Some adjustment is required but not a reduction to the extent argued by husband. In light of this 32 year marriage and the lack of marital assets, the correct determination of full and fair permanent periodic alimony *545 is especially important and, of course, the order must comply with federal tax laws.
Reversed and remanded.
NOTES
[1] For the year ending in January 1999, Mr. Rashotsky was paid $150,000 in salary and a bonus of $65,000. For 1999, Mr. Rashotsky's salary before bonus had increased to $160,000.
[2] As a preliminary matter, reviewing the trial court's order, it notes that the $10,500 income figure was arrived at "after allowable deductions and $1000 monthly in pension contributions." No reason was given as to why that $1000 was eliminated from the court's consideration in deciding the appropriate permanent periodic alimony to be awarded. Absent some provision explaining this "off the top" deduction, or express agreement by both parties, there was no justification for that deduction being calculated into the amount available for permanent periodic alimony. See Guillen v. Guillen, 751 So.2d 1270 (Fla. 3d DCA 2000)(remanding for redetermination of available income where trial court miscalculated mandatory component of husband's retirement plan.)