829 So.2d 275 (2002)
Everett RASHOTSKY, Appellant,
v.
Rochelle RASHOTSKY, Appellee.
No. 3D01-3025.
District Court of Appeal of Florida, Third District.
October 2, 2002.
*276 Lauri Waldman Ross, Miami, and Teresa L. Girten, for appellant.
Ira L. Dubitsky, for appellee.
Before FLETCHER and RAMIREZ, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Everett Rashotsky challenges a trial court's order on remand, as to the amount of his permanent periodic alimony obligation. We reverse and remand for further proceedings.
In Rashotsky v. Rashotsky, 782 So.2d 542 (Fla. 3d DCA 2001),(Rashotsky I), Mr. Rashotsky appealed the amount of permanent periodic alimony awarded Rochelle Rashotsky in the final dissolution of the couple's thirty some year marriage. Reviewing that judgment, this court found several errors mandating correction. We reversed and remanded with instructions for the trial court to make those corrections and to thereafter reconsider the alimony awarded. In that regard, we observed in part:
When awarding alimony, the trial court should attempt to place the parties "as close as possible to the prior lifestyle, given the financial resources available." Laz v. Laz, 727 So.2d 966, 967 (Fla. 2d DCA 1998). However, as this Court has recognized, "[a]s is often the case in divorce, income that was once used to maintain one household must now be used to maintain two. If this means that both parties must reduce their standard of living, so be it." See De Luca v. De Luca, 722 So.2d 947, 948 (Fla. 3d DCA 1998).
Rashotsky, 782 So.2d at 543-44.
Despite what we hoped was this court's clearly expressed intention that the trial judge on remand review the parties' needs and ability to pay, the trial judge decided that as a matter of law he could not reconsider the findings of fact as determined by the predecessor judge in Rashotsky I. That, we conclude was an error of law and amounted to a thwarting of this court's directive.
Accordingly, the order under review is reversed and the cause remanded. The trial judge should take evidence and consider the parties' needs and ability to pay, in determining Mr. Rashotsky's permanent periodic alimony obligation.