PER CURIAM.
This is appellant Everett Rashotsky’s (“former husband”) third appeal challenging an alimony award as excessive. After 32 years of marriage to Rochelle Rashot-sky (“former wife”), the former husband filed for dissolution. At the time of trial in 1999, the former husband earned a net monthly income of $10,500, plus a year-end sum of money based upon his sales performance. The former wife claimed monthly living expenses of $7082, and the former husband claimed reduced living expense of $4315. Although expressing serous reservations about the former wife’s spending habits, the trial court ordered the former husband to pay $6,000 a month in permanent periodic alimony plus the first $12,984 of any bonus.
The former husband appealed. This Court reversed the alimony award finding it was not supported by the evidence, and that the trial court erred in its findings with regard to the tax consequences of the award. Rashotsky v. Rashotsky, 782 So.2d 542 (Fla. 3d DCA 2001). Noting that the alimony award exceeded the former husband’s ability to pay and to five within his stated monthly needs of $4315, this Court reversed and remanded with specific instructions to reduce the award.
Thereafter, a successor trial judge ordered the former husband to pay monthly alimony of $7610. The former husband again appealed. This Court reversed and remanded again, finding the trial court’s refusal to reconsider evidence as to the parties needs and ability to pay, “thwarted” this Court’s prior directive. Rashotsky v. Rashotsky, 829 So.2d 275 (Fla. 3d DCA 2002).
*557 Two evidentiary hearings were conducted on remand. Both, parties stipulated that 1999 was the relevant year for determining need and ability to pay, and presented evidence as to expenses and income. The former husband testified that the year-end additional sum of money he received from his employer was not a “bonus,” but rather was a purely speculative commission amount which is entirely dependent upon year-end sales figures. The commission ranged from $15,000 to $65,000.
At the conclusion of the hearings, the trial court somehow found the former wife needed $8,519 per month in order to meet her stated monthly needs of $6,010. The trial court then found the former husband had the ability to pay $5,200 per month. The former husband was ordered to pay $5,200 in permanent monthly alimony, as well as the first $39,600 each year from any commission bonus he receives. The former husband then filed the instant appeal.
This case has come before this Court on two prior occasions. In both instances, this Court reversed and provided specific instructions on remand. Rashotsky v. Rashotsky, 829 So.2d at 275; Rashotsky v. Rashotsky, 782 So.2d at 542. These instructions were not followed. Apparently, this Court was not clear in its previous two opinions. Therefore, based upon the record in this case, we determine that the appropriate award of alimony is $4,800 per month, and the wife is to receive $15,000 per year from whatever bonus the husband receives. We believe this opinion is abundantly clear and leaves no room for misinterpretation.
Reversed and remanded with directions.