904 So.2d 488 (2005)
Carol WILLIAMS, Appellant,
v.
Michael S. WILLIAMS, Appellee.
No. 3D05-5.
District Court of Appeal of Florida, Third District.
May 11, 2005.
Rehearing Denied June 24, 2005.
*489 Lauri Waldman Ross, Miami; and Paul G. Fletcher, Coral Gables, for appellant.
Dittmar & Hauser and Helen Hauser, Coconut Grove; Granoff & Kessler and Roy E. Granoff, Miami, for appellee.
Before CORTIÑAS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, Judge.
The former wife, Carol Williams, appeals a final judgment of dissolution of marriage claiming that the trial court: (1) abused its discretion by denying her request for permanent periodic alimony and instead awarding bridge-the-gap alimony; (2) erred by failing to identify the mortgages on the marital home as marital liabilities and by failing to apportion these marital liabilities; and (3) erred by incorrectly calculating the former husband's child support payments. Further, she argues that upon remand, this court should order that the trial judge be disqualified based upon comments he made during the dissolution hearing. We agree in part.
The parties were married in November 1988. In 1992, the former wife became a full-time homemaker when she gave birth to the parties' first child. Thereafter, the parties had two other children, one in 1994, and another in 2000. The former husband has worked at Wal-Mart since 1992, is currently a store manager, and has been the family's sole bread winner since 1992. The evidence established that the parties lived well beyond their means, accumulating significant credit card debt, which they would pay with the annual bonus the former husband would receive. Additionally, they received financial assistance from their parents.
In June 2003, after approximately fifteen and one-half years of marriage, the former husband left the family home and *490 moved in with his girlfriend. The former wife filed for divorce in February 2004, seeking permanent alimony, child support, designation as the primary residential parent, attorney's fees, and equitable distribution. The former husband answered and countered-petitioned seeking shared parental responsibility and equitable distribution of the parties' property. At the time of the dissolution hearing, they were both thirty-seven years old.
In August 2004, the former wife obtained a job at her children's school. She earns $7.50 per hour for twenty-five hours of work, but works only during the school year, approximately nine months out of the year. The former wife also works an extra ten hours per week in exchange for a reduced daycare fee for their youngest child. Therefore, the former wife is working a total of approximately thirty-five hours per week, but receives monetary compensation for only twenty-five of those hours. The former wife testified that she enjoys working at the daycare but would have to attend college to be a teacher at the daycare.
At the dissolution hearing, the former wife testified that she lives with the children in the marital home which is valued at $230,000.00; that the balance on the first mortgage is $149,000.00 with monthly payments of $1,299.88; and that the balance on the equity line is $21,466.00 with monthly interest-only payments of $80.00. The trial court awarded the marital home to the former wife and also awarded to the former wife the former husband's portion of the equity, which is approximately $30,000.00, as lump sum alimony. The former husband has not appealed these awards or the trial court's valuation of the marital home.
At the dissolution hearing, the former wife requested that the trial court award her permanent periodic alimony. The former husband argued that the former wife was not entitled to permanent periodic alimony, but conceded that she was entitled to rehabilitative alimony because she was capable of becoming self-supporting with the proper education and training. In fact, the husband even presented a rehabilitation "plan" where the former wife, who he characterized as intelligent, would finish high school and then go to college to obtain a degree in accounting because she is "good with numbers." The trial court, however, instead of awarding permanent periodic alimony as the former wife requested, or rehabilitative alimony as the former husband conceded was appropriate, awarded twenty-four months of "bridge-the-gap" alimony.
As stated earlier, the former wife has raised numerous points on appeal. However, prior to addressing these issues, we note that separating parties often must accept the reality that as a result of having to maintain two separate households, they will not be able to maintain the same standard of living that they enjoyed during the marriage. De Luca v. De Luca, 722 So.2d 947, 948 (Fla. 3d DCA 1998) ("As is often the case in divorce, income that was once used to maintain one household must now be used to maintain two. If this means that both parties must reduce their standard of living, so be it."); see also Rashotsky v. Rashotsky, 829 So.2d 275 (Fla. 3d DCA 2002); Austin v. Austin, 785 So.2d 528 (Fla. 3d DCA), review denied, 800 So.2d 612 (Fla.2001).
The former wife contends that the trial court abused its discretion by denying her request for permanent periodic alimony and by awarding bridge-the-gap alimony. Based upon the specific facts of this case, we conclude that the trial court did not abuse its discretion by denying the former wife's request for permanent periodic alimony, but did abuse its discretion by *491 awarding bridge-the-gap alimony as it is totally inappropriate in this case. We remand for an award of rehabilitative alimony as the former husband conceded below that the former wife was entitled to this type of alimony, and the record before us also demonstrates that this type of alimony is appropriate.
A trial court's decision to either award or deny alimony will not be disturbed on appeal unless the record demonstrates that the trial court abused its discretion. Kovalchick v. Kovalchick, 841 So.2d 669, 670 (Fla. 4th DCA 2003); Pollock v. Pollock, 722 So.2d 283, 285 (Fla. 5th DCA 1998). Based upon the specific facts of this case, specifically, that this was a "gray area" marriage and the parties were only thirty-seven years old at the time of the dissolution hearing, we cannot conclude that the trial court abused its discretion by denying the former wife's request for permanent periodic alimony.
We do, however, conclude that the record demonstrates that the trial court abused its discretion by awarding bridge-the-gap alimony to the former wife. Bridge-the-gap alimony is properly awarded when the spouse is "employed, has more than adequate employment skills, and needs nothing to be `rehabilitated' to, other than to ease her transition from a married to a single status." Iribar v. Iribar, 510 So.2d 1023, 1024 (Fla. 3d DCA 1987); see also Green v. Green, 672 So.2d 49, 51 (Fla. 4th DCA 1996) (purpose of bridge-the-gap alimony is "not to retrain or rehabilitate a divorcing spouse, but to ease the transition between married life and being single").
In the instant case, the trial court's findings of fact, which we conclude are supported by competent substantial evidence, indicate that the former wife currently lacks the education, training, or skills to support herself. The former wife does not possess even a high school education, has no special skills or training, and was earning $6.50 an hour working at Publix when she gave birth to the parties' first child in 1992, at which point she terminated her employment and did not return to the work force until after the parties separated. Clearly, based upon the evidence presented and the trial court's finding that the former wife "has [a] limited ability to presently support herself without financial assistance from her Husband," the trial court abused its discretion by awarding bridge-the-gap alimony. The former wife, at this time, does not possess adequate employment skills and clearly needs to be trained or rehabilitated. Accordingly, the award of bridge-the-gap alimony is reversed. We remand, however, for an award of rehabilitative alimony as the former husband conceded below that the former wife was entitled to this type of alimony, and the record before us also demonstrates that this type of alimony is appropriate. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980) (holding that rehabilitative alimony is awarded "to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills."); Bible v. Bible, 597 So.2d 359 (Fla. 3d DCA 1992) quoting Lanier v. Lanier, 594 So.2d 809, 811 (Fla. 1st DCA 1992) (holding that rehabilitative alimony is appropriate when "`the evidence suggests that the wife can be rehabilitated to a financial stature that would permit her to become self-supporting.'").
Next, the former wife claims that the trial court incorrectly calculated the child support award. We agree.
The trial court calculated the apportionment of child support based on the former wife having a net monthly income *492 of $2,400.00, which included $2,000.00 in permanent periodic alimony, and $400.00 in monthly income. As reflected in the final order, the former wife was not awarded any permanent periodic alimony, but was awarded $600.00 in bridge-the-gap alimony. As such, the trial court's calculation of the amount of child support must be reversed and remanded for recalculation. Further, we note that upon remand, when calculating the former wife's income, the trial court must take into consideration that she is not paid during the summer break or holidays, and therefore, her income is based upon approximately nine months of employment, not twelve months. Therefore, we remand for recalculation of child support consistent with this opinion, and order that the apportionment of medical expenses be reflected in the recalculation.
Additionally, we agree with the former wife that, as a matter of law, the trial court erred by not determining that the home mortgages are marital liabilities and by failing to determine who would be responsible for paying each liability.
Pursuant to section 61.075(3)(c), Florida Statutes (2003), the trial court is required to determine whether a debt is marital, and if it is, to apportion the marital liability. In this case, the parties do not dispute that the home mortgages are marital debts. As such, upon remand, the trial court is required to identify those debts as marital liabilities and to determine who is responsible for paying them.
Finally, the former wife requests upon remand that this case be reassigned to a different trial judge because the comments the trial judge made during the dissolution hearing indicate that he was not impartial and cannot be impartial upon remand. We agree that the trial court's comments were inappropriate, but feel confident that the trial judge, who did not have the benefit of this court's opinion in Valdes-Fauli v. Valdes-Fauli, 903 So.2d 214 (Fla. 3d DCA 2005), at the time he made the comments, will refrain from making such comments and will be fair and impartial to both sides. We additionally conclude that since the former wife did not raise this issue in the trial court by filing a timely motion for recusal, it has not been preserved for appellate review.
Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.