920 So.2d 661 (2005)
Giraldo L. DELGADO, Appellant,
v.
Yohanka DELGADO, Appellee.
No. 3D04-990.
District Court of Appeal of Florida, Third District.
December 21, 2005.
Valdespino & Associates, P.A., and Jacqueline M. Valdespino, Miami, for appellant.
Jaime Rodriguez, Jr., for appellee.
Before COPE, C.J., and RAMIREZ and WELLS, JJ.
COPE, C.J.
Former husband Giraldo L. Delgado appeals the portion of the Final Judgment of Dissolution which awards exclusive use and possession of the marital home to his former wife Yohanka Delgado and the parties' children. Under the circumstances of this case, we conclude that the trial court erred in making such an award and reverse that portion of the final judgment.
The parties were married in 1985 and had three children during the marriage. In 1991 the parties purchased the marital home. Although the purchase price was fairly modest, the value of the home has risen dramatically due to the rise in property values and improvements made by the husband.
In May 2002, the wife filed for divorce and sought exclusive use and possession of *662 the marital home, which was the only marital asset of any real value. The parties resolved most issues amicably, but were unable to agree upon the disposition of the marital home. The husband wanted the home sold and the equity distributed; the wife, however, wanted to maintain the residence, at least in part, so that the children could continue to attend school in the same school district.
At the March 2004 final hearing, the trial court awarded the wife and children exclusive use and possession of the home until all three children "attain the age of eighteen, die, marry, become emancipated or graduate[] high school," but the wife may maintain possession until the youngest child graduates high school. At the time of dissolution the children were seventeen, sixteen and fourteen. At the time of oral argument, the parties agreed that the oldest child would graduate high school in May 2005, the middle child would become a senior in high school in August 2005 and that the youngest child will be a freshman in high school in August 2005.
Since the parties separated in October 2001, the husband has been residing in his brother's home with his brother, sister, infant nephew and his ill, elderly parents. The brother's home is located far from the marital home and does not provide the husband with the opportunity to have quality visitation with the children in his home due to the cramped, overcrowded living situation. The distance also interferes with the husband's weekly visitation and his availability to the children.
Both parties are employed. The husband's net monthly income is $1100-$1200 per month. However, he pays child support of $650 and $50 monthly to the IRS for a liability incurred during the marriage. As a result, the husband is unable to amass the funds necessary to make a security deposit or down payment on a separate residence for himself which would be suitable for the children during weekend visitation. He is also unable to afford to purchase all of the furnishings that he would need; all marital furnishings were left in the marital home. By contrast, the wife and children are residing in the fully-furnished, three-bedroom marital home together with the wife's now live-in boyfriend.
As we view the matter, the disparity in the quality of living accommodations between the parties is too great. We conclude that in this case the trial court should have granted the husband's request to sell the home and divide the proceeds. Alternatively, the wife may purchase the husband's share in the home. This will enable the husband to purchase or rent more suitable living quarters for himself and the children during visitation. The Florida Supreme Court has said that "a trial judge must ensure that neither spouse passes automatically from ... prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be `shortchanged.'" Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980).
We acknowledge that orders granting the custodial parent exclusive use and possession of the marital home "are so frequently ordered that they have become a generally accepted principle of the law of divorce." Zeller v. Zeller, 396 So.2d 1177, 1179 (Fla. 4th DCA 1981), see also Dorsett v. Dorsett, 902 So.2d 947 (Fla. 4th DCA 2005). However, it is also true that it is not possible to issue such orders in every circumstance. See Bonilla v. Bonilla, 739 So.2d 108, 109 (Fla. 3d DCA 1999); Pineiro v. Pineiro, 683 So.2d 148, 149 (Fla. 3d DCA 1996).
Section 61.075(1)(a), Florida Statutes (2002) states that "in distributing the marital *663 assets and liabilities between the parties, the court must begin with the premise that distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors." In making the determination of whether unequal distribution is permissible, the court may consider:
The desirability of retaining the marital home as a residence for any dependent child of the marriage, or any other party, when it would be equitable to do so, it is in the best interest of the child or that party, and it is financially feasible for the parties to maintain the residence until the child is emancipated or until exclusive possession is otherwise terminated by a court of competent jurisdiction.
Section 61.075(1)(h)(emphasis added).
Here, the lengthy period of exclusive use and occupancy is not financially feasible and has resulted in the husband passing from prosperity to misfortune. In determining whether to grant exclusive use and possession "the critical question is whether the award is equitable and just given the nature of the case." Boynton v. Boynton, 636 So.2d 53, 55 (Fla. 2d DCA 1994). Compelling financial circumstances may require the sale of the marital home in some cases. Tarnawski v. Tarnawski, 851 So.2d 239, 242 (Fla. 4th DCA 2003). We think this is such a case.
The wife argues that because the parties were able to maintain the marital home on only the husband's income during the marriage it necessarily follows that it can be maintained following dissolution. This argument ignores the fact that two households cannot be maintained as cheaply as one. Austin v. Austin, 785 So.2d 528 (Fla. 3d DCA 2001).
Here, as a result of the rise in value, the parties have substantial equity in the marital home. Indeed, if the home were sold, each party most likely would obtain in excess of $50,000. It is inequitable to require the husband to forego his right to that equity for an extended period where he is otherwise unable to acquire suitable housing and where the delay in providing the substantial existing equity in the home will cause the husband to continue to live in dramatically reduced circumstances. The husband has undergone the residential deprivation since 2001 and the youngest child will not finish high school until 2009. Furthermore, the husband provided the trial court with evidence that there are townhouse and condominium residences available within the children's school district which both parties could afford to rent or purchase with the equity from the marital home.
We therefore reverse the portion of the final judgment which provides for exclusive use and occupancy. We remand with directions to the trial court to set the price at which the wife may purchase the husband's share in the home, and a reasonable deadline for doing so. If the wife does not purchase the husband's share of the home by the deadline, then the home shall be sold and the proceeds divided between the parties.
No challenge has been made to the remaining portions of the final judgment, so the remainder of the judgment is affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.