COPE, C.J.
(concurring in part and dissenting in part).
I agree with the majority on reversal of the equitable distribution award.
*662 I respectfully disagree on the issue of exclusive use and. occupancy. Further, the analysis of exclusive use and occupancy should be re-done in light of our change in the equitable distribution award.
The problem here is that the former husband was fired from his job shortly before the final hearing, as explained in the majority opinion. Since the former husband had not obtained a new job at the time of the final hearing, the trial court imputed minimum wage to him for purposes of the child support award. The child of the marriage was born in 1994, so the period of exclusive use and occupancy will run another five years — to 2012.
Under Delgado v. Delgado, 920 So.2d 661 (Fla. 3d DCA 2005), an order for exclusive use and occupancy is appropriate only if the former husband has sufficient resources with which to obtain adequate living accommodations. It is not appropriate to leave a large amount of equity tied up in the marital home ($240,000 in this case) through 2012 if the husband does not have the resources to obtain reasonable alternative housing. All the trial court has imputed to the husband at this point is minimum wage and there are no other significant assets of the marriage apart from the marital home.
Because our reversal on the equitable distribution award changes the economics regarding the parties’ respective shares of the home, we should remand for a new hearing on the issue of exclusive use and occupancy. At that time, the court can make a more reliable determination regarding the parties’ respective incomes and income earning potential, and based on that information, enter an appropriate order on the former wife’s request for exclusive use and occupancy.