59 So.3d 221 (2011)
Manuel CASTILLO, Appellant,
v.
Mercedes CASTILLO, Appellee.
No. 3D09-2741.
District Court of Appeal of Florida, Third District.
March 23, 2011.
Rehearing Denied May 9, 2011.
Harvey D. Rogers, Miami, for appellant.
Brenda P. Shapiro, for appellee.
Before WELLS, ROTHENBERG, and SHEPHERD, JJ.
WELLS, Judge.
Manuel Castillo appeals from a final judgment of dissolution of marriage to Mercedes Castillo. He argues that the trial court erred in its imputation and calculation of the parties' incomes and thus, in the amount of alimony and child support awarded; that the trial court erred as to the date of the valuation of the parties' assets and in the equitable distribution of the marital estate; and that the trial court erred in the allocation of the tax exemption available for each child.
The trial court has broad discretion to use various available remedies to do equity between the parties to a dissolution proceeding. See Misdraji v. Misdraji, 702 So.2d 1292, 1294 (Fla. 3d DCA 1997) ("It is a well recognized principle that appellate courts should not substitute their judgment for that of the trial court by re-evaluating the testimony, and that the trial court must be upheld unless an appellant clearly shows that the trial court has abused its discretion."). The remedies which may be used to accomplish this purpose include lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, special equity in property and the award of exclusive possession of property. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). "Because these remedies are interrelated as part of an overall scheme, it is `extremely important that they also be reviewed by appellate courts as a whole, rather than independently.'" Guobaitis v. Sherrer, 18 So.3d 28, 33 (Fla. 3d DCA 2009) (quoting Canakaris, 382 So.2d at 1202). Where a decision is within the judicial discretion of the trial judge, as in determining the amount of alimony or child support, the standard for appellate review is abuse of discretion. Viewed as a matter of discretion, on appeal we can reverse only if no reasonable judge would have decided as this one did. See Canakaris, 382 So.2d at 1203 ("If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.").
We agree with the wife's position that there was record support for each of the lower court's decisions and that no abuse of discretion has been demonstrated. See Reis v. Reis, 739 So.2d 704, 706 (Fla. 3d *222 DCA 1999) ("It is not the role of this court to re-examine . . . determinations of credibility."). Accordingly, the order under review is affirmed.
SHEPHERD, J., concurs.
ROTHENBERG, J., dissenting in part.
In a conclusory fashion, the majority affirms the parties' final judgment of dissolution of marriage finding no abuse of discretion. A review of the evidence, as articulated in this dissent, however, demonstrates a clear abuse of discretion, requiring reversal of the trial court's order.
Manuel Castillo ("Husband") appeals from the final judgment dissolving his nearly twenty years of marriage to Mercedes Castillo ("Wife"). Because several of the issues raised by the Husband are meritorious, and these issues affect the calculation of the parties' gross and net incomes, which, in turn, affects the child support and alimony awards, the final judgment should be reversed and remanded for further proceedings.
In November 2008, the Husband filed a petition to dissolve the parties' marriage. At the final hearing held in July and August 2009, the parties presented the following evidence and testimony. The Husband and Wife have five children, two of whom are still minors. The Husband, who was then forty-eight years old, grossed, with overtime, $110,000 in 2008 as a homicide detective with the City of Miami Police Department. The Wife, who was then forty years old, stopped working shortly after the parties' first child was born, but returned to the workforce approximately three years before the parties separated. She works during the school year at a public middle school as a Community Involvement Specialist. According to the Wife's financial affidavit, she earns $16,291 annually, which is prorated over ten months.
After the final hearing, the trial court entered a final judgment, making the following findings as to the parties' incomes: (1) the Wife's gross annual income is $16,000; (2) the Wife's monthly net income, which includes imputed minimum wage for the three summer months, is $1,300; (3) the Husband's gross monthly income is $10,000, which includes $9,500 in salary and overtime, and $500 as the "conservative estimate of the value" for the Husband's use of the police vehicle and the gasoline supplied by the City of Miami; and (4) the Husband's net income is $7,000 per month. Although the trial court made findings as to the parties' net income, the record does not clearly reflect how the trial court reached these calculations.
In addition to making findings as to income, the trial court, in part: (1) equitably distributed the parties' liabilities and assets, including the Husband's pension and retirement accounts; (2) awarded $3,300 per month in permanent periodic alimony to the Wife, finding that the Husband has the ability to pay $3,300 per month, and the Wife needs $2,600 in "after-tax alimony in order to maintain the lifestyle of the marriage"; (3) ordered the Husband to pay $990 per month in child support for the two minor children, taking into account that he pays $257 per month for the minor children's health insurance;[1] *223 and (4) allocated the federal dependency exemption for the two minor children solely to the Wife. Following the entry of the final judgment, the Husband filed this appeal, raising numerous issues.
The Husband contends that the trial court erred by adding $500 to his monthly gross income due to his use of the police vehicle. He is correct.
In computing a parent's "gross income" for child support purposes, section 61.30(2)(a)(13), Florida Statutes (2009), provides that gross income includes "[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses." (emphasis added). In Sierra v. Ellison, 677 So.2d 406, 408 (Fla. 3d DCA 1996), this Court recognized that a "trial court may in its discretion include an allowance for [a] `take-home' vehicle as part of [a parent's] gross income if there is a readily calculable basis for doing so, but need not do so if the benefit is insubstantial or the amount of benefits is not readily calculable." In calculating the Husband's monthly gross income, the trial court included $500 for "in kind benefits," which the trial court describes as the "conservative estimate of the value" for the Husband's use of the police vehicle and the gasoline supplied by the City of Miami.
The record before this Court, however, reflects that neither party provided any evidence as to the value associated with the Husband's personal use of the police vehicle. The undisputed evidence is, however, that the Husband is permitted to use the police vehicle to run errands on his way to or from work, but he cannot travel in the vehicle, and more importantly, he cannot transport his children in the police vehicle. The record reflects that the Husband, if he has not done so by now, will need to purchase a vehicle so that he can transport his children and use it for his personal needs. Therefore, as the sole family car was awarded to the Wife, the Husband will have the added monthly expenses associated with purchasing and maintaining a vehicle. Thus, the trial court abused its discretion by: (1) including the additional $500 in the Husband's gross income because his personal use of the police vehicle is insignificant and the Wife failed to present any evidence as to the "value" of this insignificant use; and (2) giving no consideration to the additional expense the Husband will necessarily incur by obtaining a vehicle for his personal use and to transport his children.
Because the decrease in the Husband's "gross income" will affect the child support calculations and the trial court's determination of the amount awarded to the Wife in permanent periodic alimony, the final judgment should be reversed and remanded with instructions to require the parties to file updated financial affidavits, and thereafter, in light of these affidavits, to recalculate net income, gross income, child support, and the amount of alimony. Furthermore, upon remand, as the record before this Court does not demonstrate how the trial court calculated the parties' net income, and the record reflects that no expert testimony was provided to assist the trial court in making its determination, I would allow the trial court to accept *224 expert testimony to assist it in calculating the parties' net income.
The Husband also challenges other aspects of the trial court's calculation of his and the Wife's gross, and in turn, net incomes. Because the trial court's calculation of the Wife's net income cannot be reconciled with the record before this Court, reversal is required. For example, the Wife's financial affidavits reflect that she works at a public middle school earning $16,291 per year, and that her annual pay is prorated over ten months, rather than the full calendar year. The trial court, however, imputed minimum wage to the Wife for the three summer months during which the Wife is not working at the middle school. Upon remand, this conflict should be resolved and the trial court should clarify exactly how many weeks of minimum wage income should be imputed to the Wife, and if necessary, recalculate the Wife's net and gross income.
It is also unclear how the trial court calculated the Wife's net monthly income, and once again, the trial court's finding as to net monthly income cannot be reconciled with the record. Three months of imputed minimum wage totals approximately $3,480, and when added to the Wife's annual salary of $16,291, her gross annual income is $19,771, which averages $1,647 per month. Furthermore, the Wife's financial affidavit reflects that her monthly federal taxes, FICA, and Medicare payments total approximately $218 per month. Therefore, based on the Wife's financial affidavit, her net monthly income is approximately $1,429, not $1,300, if three months of minimum wage is imputed. On the other hand, if two months of minimum wage is imputed to the Wife, the trial court's finding that her net monthly income is $1,300 is reasonably accurate.[2]
Although the record supports the trial court's award of permanent periodic alimony to the Wife, because the trial court's computation of the Wife's income is inaccurate and the trial court improperly treated the Husband's police vehicle as an "in kind" benefit in computing his income, a recalculation of the Wife's alimony is required.
Additionally, when considering the parties' "standard of living established during the marriage," § 61.08(2)(a), Fla. Stat. (2009), equal consideration should be afforded to both parties, and the trial court is not required to award an amount of alimony that would allow the parties to maintain the same standard of living established during the marriage, as that may not be possible. In the instant case, the trial court awarded $3,300 in permanent periodic alimony to the Wife, finding that she "needs $2,600 after-tax alimony in order to maintain the lifestyle of the marriage." The record reflects that equal consideration was not afforded the Husband, whose lifestyle has and will continue to be negatively altered based on the alimony and child support payments awarded by the trial court. As this Court stated in De Luca v. De Luca, 722 So.2d 947, 948 (Fla. 3d DCA 1998): "As is often the case in divorce, income that was once used to maintain one household must now be used to maintain two. If this means that both parties must reduce their standard of living, so be it." (emphasis added). See also *225 Austin v. Austin, 785 So.2d 528, 529 (Fla. 3d DCA 2001).
Lastly, the Husband has raised several issues pertaining to the equitable distribution and valuation of the parties' assets and liabilities, including the division of the Husband's pension and retirement funds. I find no error as to these issues. See § 61.075, Fla. Stat. (2009).
Accordingly, I would affirm in part, reverse in part, and remand for further proceedings.
NOTES
[1] The trial court failed to provide a guidelines scoresheet. However, in calculating the parties' child support obligations, the trial court found that the Husband's net monthly income after paying alimony is $4,500. Although not specifically stated, it appears that the trial court found that the Husband's federal tax liability will be reduced by $800 per month due to the alimony payment. The trial court also found that the Wife's monthly net income after alimony is $3,900 ($1,300 in net income plus $2,600 in "after-tax alimony"). Although the Wife will have to pay federal taxes on the alimony and the Husband's federal tax liability will be reduced, the record does not indicate how the trial court calculated these figures. Based on the net income figures after alimony, the trial court found that based on the guidelines, the parties' child support obligation would equal $2,052 per month, with the Husband being responsible for 54% and the Wife 46%. Further, taking into consideration that the Husband pays $257 per month for the minor children's health insurance, the Husband was ordered to pay $990 per month in child support.
[2] I would find that the trial court did not abuse its discretion in allocating the federal dependency exemptions for the two minor children to the Wife. However, I would require the parties to file updated financial affidavits because the financial affidavits contained in the record reflect that the Husband's net income was based on two dependents, whereas the Wife's financial affidavit was based on one dependent.