727 So.2d 966 (1998)
Camille C. LAZ, Appellant,
v.
Andre L. LAZ, Appellee.
Nos. 97-01722, 97-02100.
District Court of Appeal of Florida, Second District.
December 4, 1998.
Rehearing Denied March 17, 1999.
Cynthia L. Greene of Law Offices of Cynthia L. Greene, P.A., Miami, for Appellant.
John R. Asbell and James F. Caudill, of Asbell, Coleman & Ho, P.A., Naples, for Appellee.
*967 QUINCE, Judge.
Camille C. Laz challenges the trial court's award of alimony in this dissolution of marriage appeal. We reverse the amount of alimony awarded because the trial court improperly imputed income to the wife and improperly calculated the income of the husband. In all other respects, we affirm.
The Lazes were married in 1961 when the husband was a junior in medical school. During the marriage, the wife, who had completed one year of college, was primarily a homemaker, seeing to the needs of the husband and their four children. The husband was the provider; he was and is a physician in the private practice of medicine. When the children were older, the wife began to pursue part-time activities outside the home. First, she and a friend opened a cooking school. After the children went to college, the wife turned her cooking skills into a part-time catering business, but she earned less than $10,000.00 per year at this enterprise. Sometime later, she opened a deli with her son. After four years the deli was sold for the amount of the initial investment. Over the nearly thirty-five years the parties were married, they accumulated assets worth between $1,572,066.00 and $1,856,942.00.
In determining the amount of permanent periodic alimony to which the wife was entitled, the trial court used the figure of $310,000.00 a year as the husband's income and imputed $1,000.00 a month in income to the wife. The accountant for the wife testified that the husband's 1995 income, when adjusted to reflect certain benefits, was $397,000.00. The accountant who testified on behalf of the husband indicated the 1995 income with benefits added was $340,000.00.
This was a long-term marriage with a wife in need of permanent periodic alimony and a husband with the financial ability to pay alimony. The wife argues the trial court erred in awarding only $7,000.00 a month in permanent periodic alimony. We agree because the alimony calculation was based on an incorrect determination of the incomes of the parties. See Gildea v. Gildea, 593 So.2d 1212 (Fla. 2d DCA 1992). Although there is evidence in the record that the wife at various times engaged in at least some part-time employment outside of the home, i.e., the cooking school, catering and the deli business, the wife was unemployed at the time of the final hearing. In addition, there is no evidence in the record to indicate that the wife could now find gainful employment (she was fifty-seven years old at the time of the final hearing). Thus, the trial court erred in imputing income to the wife.
The trial court also erred in its determination of the husband's income. As noted previously, the alimony award was based on income for the husband of $310,000.00. However, even the trial court acknowledged that the actual income for the husband during the two-year period prior to the final hearing was $340,000.00 per year. It is this current income which should form the basis for the alimony award. See McLean v. McLean, 652 So.2d 1178 (Fla. 2d DCA 1995); Woodard v. Woodard, 634 So.2d 782 (Fla. 5th DCA 1994).
The trial court found that the parties enjoyed a "comfortable" standard of living during the marriage. The marital home was valued at 1.7 million dollars, and the parties had accumulated other assets including bank accounts, stocks, and a land trust. In a long-term marriage, such as this one, the amount of alimony awarded should be determined in accordance with the standard of living enjoyed during the marriage. See Zeigler v. Zeigler, 635 So.2d 50 (Fla. 1st DCA 1994); Halberg v. Halberg, 519 So.2d 15 (Fla. 3d DCA 1987). Each party should come as close as possible to the prior lifestyle, given the financial resources available. See Messina v. Messina, 676 So.2d 483 (Fla. 1st DCA 1996). In this instance the trial court abused its discretion in awarding the wife of a thirty-five year marriage less than one-third of the income available to the parties.
We reverse the trial court's alimony award and remand for a redetermination of the amount of alimony consistent with this opinion.
BLUE, A.C.J., and NORTHCUTT, J., Concur.