CASANUEVA, Judge.
In this appeal from an amended final judgment that dissolved the marriage of Daren Anthony Busciglio and Lindell Al-onso Busciglio, resolved an alimony claim, and decided issues relating to the parties’ minor children, both parties raise claims of trial court error. We conclude that only two claims raised in the cross-appeal are meritorious. We find no reversible error in the remaining points raised and will not address them.
I. Private School
Paragraph 12 of the amended final judgment orders Ms. Busciglio to “pay private school expenses for the minor children until graduation from high school, unless and until the parties agree otherwise.” This is based upon the trial court’s finding that the children attended a private school before and during the pen-dency of these proceedings. The parties agree and the record supports their agreement that this finding is factually incorrect.
The children do not attend a private school; they attend a charter school that is considered a public school. This charter school suggests that parents make a voluntary yearly contribution, and Ms. Busciglio has consistently voluntarily donated a sum certain each year. On remand, the trial court shall correct the judgment to reflect that the children’s school is a public one but may continue to require, if it sees fit, that Ms. Busciglio pay all required expenses imposed by any school that the parents choose the children to attend. The voluntary nature of a parent’s yearly contribution should remain voluntary.
II. Life Insurance
During the marriage, Ms. Busciglio maintained a life insurance policy insuring her life in the face amount of one million dollars. The final judgment mandates merely that she maintain this policy and that Mr. Busciglio and the children continue as equal beneficiaries of the policy. The order is silent as to what purpose is served by maintaining this insurance: is it to secure the payment of alimony or child support or both? Both parties agree that this order requires clarification. We do not disagree.
Sections 61.08(3) and 61.13(1), Florida Statutes (2010), respectively, authorize a trial court to protect future payments of alimony and child support by ordering a party to maintain life insurance “to the extent necessary.” In this case, the trial court ordered that Ms. Busciglio pay alimony to Mr. Busciglio because she has a far greater income than he.
In Solomon v. Solomon, 861 So.2d 1218, 1221 (Fla. 2d DCA 2003), this court stated that “[i]n the absence of special circumstances, a spouse cannot be required to maintain life insurance for the purpose of securing an alimony obligation.” Without special circumstances it is error *622 for a trial court to require the payor spouse to maintain life insurance to secure an award of alimony. This court in Kearley v. Kearley, 745 So.2d 987, 988 (Fla. 2d DCA 1999), concluded that “sufficient findings [must be] contained in the final judgment to justify a requirement for life insurance as alimony security.” The final judgment in Kearley was deficient in that it stated merely that “the husband shall provide life insurance on his life in the amount of $93,000 as security for his alimony obligations.” Id. In Kearley, this court could not ascertain whether Ms. Kearley would be paid the entire policy proceeds in the event of Mr. Kearley’s death or only so much as to compensate her for an alimony arrearage and noted that “[e]ither arrangement may be appropriate, but those terms must be certain.” Id. The Busciglios’ final judgment is even less specific than the language in the Kear-leys’ final judgment.
“Generally, permanent periodic alimony for support is limited to the traditional requirement of termination upon the obligor’s death.” Pipitone v. Pipitone, 23 So.3d 131, 137 (Fla. 2d DCA 2009). But as Kearley pointed out, this is not always the case. In any event, if the life insurance policy the trial court ordered Ms. Busciglio to maintain is for alimony, the specific circumstances justifying it must be provided in the final judgment. We also encourage the trial court on remand to further specify whether upon Ms. Busciglio’s death Mr. Busciglio shall receive only that portion of the proceeds required to compensate him for alimony payments due but not yet paid or otherwise.
III. Conclusion
The amended final judgment is affirmed in part and reversed in part. The case is remanded for further proceedings as noted above.
ALTENBERND, J., Concurs with opinion.
DAVIS, C.J., Concurs.