NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JEAN E. JUCHNOWICZ, )
 )
     Appellant/Cross-Appellee, )
 )
v. )     Case No. 2D13-4657
 )
MICHAEL P. JUCHNOWICZ, )
 )
     Appellee/Cross-Appellant. )
_____ )

Opinion filed February 13, 2015.

Appeal from the Circuit Court for Sarasota
County; Rochelle T. Curley, Judge.

W. Russell Snyder of W. Russell Snyder,
P.A., Sarasota; and Susan J. Silverman,
Bradenton, for Appellant/Cross-Appellee.

Cynthia L. Greene of Law Offices of Greene
Smith & Associates, P.A., Coral Gables, and
Deborah J. Blue of Dickinson & Gibbons,
P.A., Sarasota, for Appellee/Cross-
Appellant.


CASANUEVA, Judge.

       In this appeal from a final judgment dissolving the marriage of the parties,

Jean E. Juchnowicz, the Wife, raises two claims of trial court error, and Michael P.

Juchnowicz, the Husband, raises three claims of trial court error in his cross-appeal.

We find two issues to be meritorious and reverse; the remaining issues are affirmed

without discussion. For the reasons discussed below, we reverse the alimony award and the mandate to the Husband to secure the alimony award with a life insurance policy.

Married in 1983, the parties separated after twenty-eight years of marriage, and a petition for dissolution was filed in 2011. Both parties were employed during the majority of the marriage. The Wife has a master's degree in business administration and was employed from 1994 to 2008 by a hospital as the director of human resources. During much of that time, the Wife provided the primary source of income. In 2008, she lost her job as director of human resources and her income was substantially reduced. At the time of the final hearing, the Wife was employed as an adjunct professor, being paid on a per course basis. In addition, she had earnings from her consulting business. In 2011, the Wife's annual earnings totaled $29,000. The Husband owns and operates Gardenmasters of Southwest Florida, Inc., a business he established in 1997. At the time of the final hearing, the Husband had an annual income of $280,000.

As to need, the Wife's financial affidavit lists total monthly expenses of $21,113. However, she acknowledged at trial that the amount stated in the affidavit included improper expenses, such as those paid on behalf of her adult children, and she testified that a more accurate statement of her expenses, in order to live a lifestyle reasonably similar to that lived during the marriage, is between $9000 and $10,000 per month. The Husband argued that the Wife's expenses were between $4706 and $5808, based on her actual living expenses at the time of the dissolution hearing.

In the final judgment, the trial court found the Wife's annual income to be $29,000 and found that the Wife will be able to maintain that level of income. The Wife was awarded a rental property, which generates $1082 per month in income, for a total net income of $3228.58 per month for the Wife. The trial court found the Wife's "current reasonable monthly expenses to be $4800." The final judgment does not specify which living expenses claimed by the Wife were approved and which expenses were disapproved but simply states: "The Court adjusted various components of her financial affidavit as the testimony reflected." The court thus awarded permanent periodic alimony in the amount of $1571.44 per month. The Wife challenges this award as inadequate, given the Husband's ability to pay, her needs, and the standard of living established during the marriage.

We review an award of permanent alimony pursuant to the abuse of discretion standard. Canakaris v. Canakaris, 382 So. 2d 1197, 1202 (Fla. 1980). Although a trial court possesses broad discretion in determining this award, there are markers that define the field of discretion. One such marker is the purpose of permanent alimony "to allow the requesting spouse 'to maintain the standard of living established by the parties during the marriage and to ensure that, viewing the totality of the circumstances, one spouse is not "shortchanged." ' " Zinovoy v. Zinovoy, 50 So. 3d 763, 766 (Fla. 2d DCA 2010) (quoting Griffin v. Griffin, 906 So. 2d 386, 388 (Fla. 2d DCA 2005)). To this end, the second marker requires that the trial court "ensure that each party's standard of living comes as close as possible to the prior lifestyle, given the

available financial resources." Griffin, 906 So. 2d at 389; see also Laz v. Laz, 727 So. 2d 966, 967 (Fla. 2d DCA 1998).[1]

This court considered a circumstance similar to the instant case in Zinovoy, 50 So. 3d 763. In that case, the evidence established the husband's income to be $38,707 per month, and the parties had considerable assets and real property in Costa Rica. Id. at 765. The trial court rejected some of the wife's expenses as "vastly overstated" and awarded her $6370 in alimony, for a total monthly income of $7627, as compared to the husband's monthly income of $32,337, after paying alimony. Id. at 767. This court concluded that, under the facts of that case, such an income disparity was "far too great to be overlooked," and the alimony award was reversed as inadequate. Id. at 767.

Likewise, a review of the record in this case compels the conclusion that the amount of alimony awarded to the Wife was not commensurate with the standard of living established by the parties during the marriage or with the Husband's ability to pay. The parties in this case also had a vacation home in Costa Rica, as well as two all-terrain vehicles and a Mercedes kept in Costa Rica. The Husband owned an airplane,

---

[1]We note that the trial court appears to have properly rejected any argument by the Wife's trial counsel that this court's opinion in Laz, 727 So. 2d 966, advocates a formulaic approach to alimony based solely on a percentage of the obligor spouse's income. Laz does not establish such a bright line rule; rather, the reversal of alimony in that case resulted from the trial court's incorrect determination of incomes and failure to place both parties as close as possible to the prior lifestyle, given the financial resources available. Id. at 967.

took flying lessons, and owned collectable vehicles. The parties acquired an expensive home in 2004,[2] though the home was in foreclosure at the time of the final hearing.[3]

The trial court found the Wife's reasonable monthly expenses to be $4800, rejecting the majority of the expenses claimed by the Wife without specifying which expenses were rejected or why. It appears from the record on appeal that the trial court determined the Wife's need based on her postseparation lifestyle rather than the standard of living enjoyed during the marriage. This was error. See Knoff v. Knoff, 751 So. 2d 167, 169 (Fla. 2d DCA 2000). Applying the Wife's net monthly income to this reduced monthly expense figure, the court determined the Wife's actual need to be $1571.44 per month and awarded this amount as permanent periodic alimony. The result is a great disparity of $4800 in monthly income for the Wife and $21,761 in monthly income for the Husband, after payment of alimony.

Under the circumstances of this case, we conclude that the alimony award is inadequate and constitutes an abuse of discretion. With an income in excess of $20,000 per month, the Husband is able to contribute more so that the Wife's standard of living may be more approximate to the marital lifestyle. Otherwise, the Husband here will enjoy a level of affluence which far exceeds that enjoyed by the Wife. Because the award is not commensurate with the parties' marital standard of living and creates a gross disparity, we reverse the award of permanent periodic alimony and remand for further proceedings, including, if necessary, a new hearing.

---

[2]The final judgment indicates in error that the home was acquired in 2008.

[3]While the home was subject to foreclosure proceedings at the time of the final hearing, it is unclear whether the parties' income was insufficient to continue to make the payments or if the payments ceased for other reasons.

We now address the issue involving the Husband's life insurance policy. During the marriage, the Husband acquired two life insurance policies insuring his life. In the final judgment, the trial court directed: "Based upon the circumstances presented at the final hearing, the husband shall immediately contact the life insurance company to name the wife as the irrevocable beneficiary on the life insurance policy with the face amount of $50,000 to protect her permanent periodic alimony." The Husband asserts in his cross-appeal that the trial court erred by imposing this requirement without making the necessary factual findings to support it. We agree and reverse.

Generally, an award of permanent periodic alimony is temporally limited to the traditional requirement that the award terminates upon the death of the obligor. Pipitone v. Pipitone, 23 So. 3d 131, 137 (Fla. 2d DCA 2009). While section 61.08(3), Florida Statutes (2012), provides that a trial court may order an alimony obligor to purchase or maintain a life insurance policy "[t]o the extent necessary to protect an award of alimony," special circumstances are required, and the circumstances justifying the requirement must be set forth in the final judgment. Busciglio v. Busciglio, 116 So. 3d 620, 621-22 (Fla. 2d DCA 2013).

In this case, the final judgment fails to set forth any special circumstances to justify the life insurance requirement. Accordingly, we must reverse that portion of the final judgment and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

NORTHCUTT and KELLY, JJ., Concur.