NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES C. LATHROP,                         )
                                          )
            Appellant,                    )
                                          )
v.                                        )        Case No. 2D15-1768
                                          )
DIERDRA LATHROP, n/k/a DEIRDRA            )
POSEY,                                    )
                                          )
            Appellee.                     )
                                          )
_____      )

Opinion filed April 22, 2016.

Appeal from the Circuit Court for Pinellas
County; John A. Schaefer, Judge.

Dorothy F. Easley of Easley Appellate
Practice PLLC, Miami, for Appellant.

Allison M. Perry of Florida Appeals &
Mediations, P.A., Tampa, for Appellee.

CASANUEVA, Judge.

        James C. Lathrop appeals an amended final judgment of dissolution of

marriage.  Mr. Lathrop raises two issues on appeal: first, he contends that the trial

court's award of permanent alimony was erroneous; and second, he argues that the trial

court erred in requiring him to maintain a life insurance policy to secure the award of

alimony. We find there was no error in the award of alimony and affirm the award. However, we conclude the trial court erred in requiring Mr. Lathrop to maintain a life insurance policy to secure the payment of permanent alimony.

Paragraph sixteen of the amended final judgment reads in pertinent part: "As security for his alimony obligation, the Husband shall be required to maintain in full force and effect, at his sole expense, a life insurance policy with a face value death benefit as specified herein, with the Wife the sole designated beneficiary of such policy." The trial court set the face value of the death benefit as $600,000.

This court has held that "[i]n the absence of special circumstances, a spouse cannot be required to maintain life insurance for the purpose of securing an alimony obligation." Solomon v. Solomon, 861 So. 2d 1218, 1221 (Fla. 2d DCA 2003) (first citing Cozier v. Cozier, 819 So. 2d 834 (Fla. 2d DCA 2002); and then citing Pinion v. Pinion, 818 So. 2d 557 (Fla. 2d DCA 2002)). A final judgment of dissolution must set forth sufficient findings of special circumstances to support a requirement for life insurance. Busciglio v. Busciglio, 116 So. 3d 620, 622 (Fla. 2d DCA 2013) (quoting Kearley v. Kearley, 745 So. 2d 987, 988 (Fla. 2d DCA 1999)). In the present case, the amended final judgment does not set forth any special circumstances to justify the life insurance requirement, and we therefore must reverse that portion of the final judgment. See Juchnowicz v. Juchnowicz, 157 So. 3d 497, 501 (Fla. 2d DCA 2015).

Affirmed in part; reversed in part.

LUCAS and SALARIO, JJ., Concur.